## NELSON et ux. v. ARROWHEAD FREIGHT LINES, Limited.
## SMITH et ux. v. SAME.

Nos. 6212, 6213.　Decided June 26, 1940.　(104 P. 2d 225.)

*Elias Hansen,* of Salt Lake City, for appellants.
*Bagley, Judd, Ray & Nebeker,* of Salt Lake City, for respondent.

LARSON, Justice.

These two cases grew out of the same accident. Plaintiffs in each case are husband and wife, and seek a judgment for loss of a minor child. On November 17, 1937, a truck owned by defendant collided with a Ford coupe in which five young people were riding. Vaughan Sheffield sat in the driver's seat of the coupe behind the steering wheel; at his right in

the middle of the single seat sat Alta Ewell; to her right was Don Simmons. Ramona Smith sat upon Alta's lap, and Paul Nelson sat upon the lap of Don Simmons. Ramona Smith, 16, daughter of plaintiffs in the second action, and Paul Nelson, 20, son of plaintiffs in the first action, and Sheffield, the driver, were killed. These actions brought in the District Court of Utah County and consolidated for trial, resulted in verdicts in favor of defendant, no cause of action. Plaintiffs appeal and assign four errors; two challenging the action of the court in refusing to give the jury requested instructions; and two with respect to rulings on motion to retax costs. We note them seriatim.

(1) Plaintiffs by their Requested Instruction No. 4, identical in each case except as to name, asked the court to instruct the jury as follows:

"You are instructed, members of the Jury, that the Defendant has alleged that Ramona Smith was guilty of contributory negligence. The burden is on the Defendant to establish by a preponderance of the evidence that Ramona Smith was guilty of contributory negligence. That is, negligence which directly contributed to her death. In this connection you are instructed that if the fact that five persons were riding in the Ford coupe at the time of the collision did not directly cause or directly contribute to the collision in which Ramona Smith was killed, then, and in that case, the mere fact that Ramona Smith was riding in a Ford coupe with four other persons would not defeat any right that Plaintiffs Jesse Smith and Ella May Smith may have to recover in this action."

The court did not give the instruction in the form requested but in its Instruction No. 7 said:

"* * * It is further provided by law that is shall be unlawful for any passenger in any automobile to ride in such position as to interfere with the driver's view ahead or to the sides, or to interfere with the driver's control over the driving mechanism of the automobile.

"And in this connection, you are instructed that it is for the jury to find and determine from all the facts and circumstances shown to exist at the time of the collision herein, whether either of the occupants to wit: Paul L. Nelson or Ramona Smith, was guilty of neg-

ligence in becoming a passenger in said Ford coupe along with the driver and other occupants therein, and whether or not such negligence contributed in any degree to the collision and to the injuries suffered, as complained of."

And in Instruction No. 9 the court said:

"If you find from a preponderance of the evidence that either the said Paul L. Nelson or Ramona Smith, was killed by reason of the negligence of the defendant, as alleged in the Complaints herein, then in order to defeat the plaintiffs' right of recovery on the ground of contributory negligence, the burden is on the defendant to prove by a preponderance of the evidence that the said Paul L. Nelson or the said Ramona Smith, was guilty of negligence that proximately contributed to his or to her own death. And, if upon the issue of contributory negligence, the preponderance of the evidence is in favor of the plaintiffs, in either case, or if it is equally balanced, you should find such issue in favor of the plaintiff."

Instruction No. 7, to which no exception was taken, is based upon Section 57-7-50, R. S. U. 1933. That statute is intended to promote safety upon the highways, and to charge all persons riding in cars with some responsibility for safe driving, at least to the extent of not interfering with the driver's vision or his operation and control of the vehicle. These instructions clearly told the jury that if either Paul Nelson or Ramona Smith was killed as a result of negligence on the part of defendant, plaintiffs' right of recovery for such death or deaths was established unless the jury found (a) that the deceased person was guilty of negligence in becoming a passenger in the car under the circumstances of the case; and (b) that such negligence of the deceased proximately contributed to the accident. We think these instructions cover substantially the substance of plaintiffs' request, presented the issue to the jury in such a way that the jury could not have been misled, and fully covered the theory of plaintiffs' request. It is well settled that if a party's theory is fairly and fully presented to the jury the party cannot complain because the exact language of a request was not followed, even though the instruction requested may have been a more

terse or succinct statement. *Grow* v. *U. L. & Ry. Co.*, 37 Utah 41, 106 P. 514; *Cromeenes* v. *San Pedro, Los Angeles & Salt Lake Railroad Co.*, 37 Utah 475, 109 P. 10, Ann. Cas. 1912C, 307; *Utah Ass'n Credit Men* v. *Boyle Furniture*, 43 Utah 523, 136 P. 572; *Jensen* v. *D. & R. G. Railroad*, 44 Utah 100, 138 P. 1185; *Barlow* v. *S. L. & U. Ry.*, 57 Utah 312, 194 P. 665; *Balle* v. *Smith*, 81 Utah 179, 17 P. 2d 224; *Eagan* v. *O'Malley*, 45 Wyo. 505, 21 P. 2d 821.

(2) Plaintiffs' second assignment is based upon the court's refusal to give plaintiffs' requested Instruction No. 3, which reads:

"You are instructed, members of the jury, that contributory negligence is the want of ordinary care and prudence on the part of a person injured, contributing directly and proximately to the injury complained of. In this connection you are instructed that Ramona Smith was required to exercise only that degree of care and caution which persons of like age capacity and experience might be reasonably expected to naturally and ordinarily use in the same situation and under like circumstances."

Appellant contends that where negligence of a minor is involved the court from that fact alone should instruct the jury as here requested. Paul Nelson was a grown young man of over twenty years of age, and for a number of years had been engaged in different occupations. Ramona Smith was about sixteen and one half years of age, weighed 140 pounds, and was a high school student. No claim was made or is made now that either of them was subnormal, physically handicapped, or in any way below the the average in intelligence, understanding or responsibility. No claim is made that there was any special, personal, or unusual reason why either of the parties did not or might not have sensed the possible danger, the increased danger, or the negligence of overloading the seat in the coupe so as to interfere with the driver's vision or operation of the vehicle, to the same extent as would an adult, or than they would in a few months more when they would have at-

tained their majority. Certainly the policy of the state has not been one indicating that persons of these ages are not to be held to the same degree of care in the operation of motor vehicles as persons who have attained their majority. The statute permits persons sixteen years of age to drive and operate passenger automobiles upon the highways. Rev. St. 1933, 57-10-1. This authorization must proceed upon the assumption that in the absence of some demonstrated infirmity, not presumed to exist in persons sixteen years of age, such a person is presumed to possess that discretion and physical capacity consistent with the safe use of highways, and as setting an age at and above which the presumption of adult responsibility attaches. The statute making it an offense to ride in a car in a position in which the operator's vision or ease of operation is interfered with makes no allowance for age except that made by the general provisions of criminal law which do not except people sixteen years of age or over.

It has been generally recognized that children of tender years are so far undeveloped as to be relieved of the charge of negligence; that during another period in their infancy there is rebuttable presumption against their capacity to understand and avoid danger; and that in the later years of infancy there is rebuttable presumption that they are chargeable with the same degree of care as are adults. Ordinarily a child under seven years of age is conclusively presumed not guilty of contributory negligence. Between the ages of seven and fourteen, in the absence of showing to the contrary, an infant is generally assumed not to have the same consciousness of danger and the same judgment in avoiding it as an adult. Above the age of fourteen, in the absence of a showing to the contrary, an infant is generally charged with having attained that development which imposes upon him the same degree of care as an adult. An excellent discussion of this question is found in Jones Commentaries on Evidence, Volume 1, Section 99 (a), from which we quote:

"* * * The question as to whether a child's capacity is such that it may be chargeable with contributory negligence is a question of fact for the jury, unless so young and immature as to require the court to judicially know that it could not contribute to its own injury or be responsible for its acts or so old and mature that the court must know that, though an infant, yet it is responsible. Where the infant is under fourteen years of age, the burden rests upon the defendant to rebut the legal presumption of incapability of contributory negligence. As to those over fourteen years of age the *prima facie* capability of negligence attaches. Each case must depend upon the intelligence and capacity of the child and the surrounding facts rather than upon any arbitrary rule. It cannot be said on the one hand that a child just past seven years is *sui juris* so as to be charged with negligence, nor, on the other hand, that a child just under that age is wholly incapable of exercising care. It has generally been held that, since there is no exact period fixed by the law at which there is no doubt as to whether the child is *sui juris*, the question of intelligence and ability to exercise care is for the jury under proper instructions from the court. But is has been held that, in the absence of proof to the contrary, a child fourteen years of age is presumed to have sufficient capacity to be sensible of danger and to have the power to avoid it." (Italics added.)

As to the Nelson case, this court in *Newton* v. *Oregon Short Line,* 43 Utah 219, 230, 134 P. 567, held that a boy nineteen years, eleven months of age (younger than the Nelson boy) was to be treated as an adult in considering the question of his contributory negligence, but did not pass further upon the question as to the age at which a minor becomes subject to the rule of care required of persons who have attained majority. In some jurisdictions the courts have recognized a distinction between cases where a minor simply fails to sense approaching danger and cases wherein the minor is a participant in creating the danger. Thus it has been held that where a minor participates in overcrowding an automobile he is guilty of contributory negligence is a matter of law. In *McIntyre* v. *Pope,* 326 Pa. 172, 191 A. 607, 608, the Supreme Court of Pennsylvania ruled that:

"Where more than three adult persons sit in the front seat of an automobile, thus overcrowding it and restricting the driver's freedom of action to exercise necessary control in the event of emergencies,

and injury results, those overcrowding the front seat are guilty of contributory negligence as a matter of law."

And in *Mahoney* v. *City of Pittsburgh*, 320 Pa. 44, 181 A. 590, 591, the same court said:

"* * * In this case the crowding of the front seat would so impede and restrict the driver's freedom of motion as to make it impossible for him to act freely in such emergencies as must have been expected and actually occurred. This crowding not only deprived him of the room required to manipulate the steering wheel and control the course of the car generally, but put him at serious disadvantage in operating the gearshift and the brake. This impairment of the power of control, considered with the condition of the street, the poor visibility, and the corresponding necessity for a high degree of care, make it evident that the driver's negligence was a contributing cause to the accident.

"Plaintiff, though a guest, assisted in bringing about the crowded condition of the car. He was cognizant of the danger (he was an experienced driver) and was therefore likewise guilty of contributory negligence. *Curry* v. *Riggles*, 302 Pa. 156, 159, 153 A. 325, and cases there cited."

The Louisiana Court reached a similar conclusion in *Lorance* v. *Smith et al.*, 173 La. 883, 138 So. 871, 876. We quote:

"Now let us consider the case from the standpoint of these guests. They had both reached the age of discretion, one being fifteen years old and the other a woman who had been twice married and was the mother of a child seven years old. They knew, as well as did the young men, that the night was foggy, that the Ford runabout was built for the accommodation of only two, and that for four people to crowd themselves into a seat built for two would make it impossible for the driver to operate the car with safety. They knew this before they entered the car to go to Covington, and they knew it before they got into the car to go home. Yet they consented to ride in the car under those conditions; they were two of the four who crowded into the seat; they themselves helped to create the condition which made it impossible for Clark Morgan to operate the car with safety, helped create the condition which brought about their injury. Now, if it was negligence on the part of the young men to invite the women to ride under those conditions, were not the guests also negligent in accepting the invitation and riding under those conditions? Most assuredly they were."

But regardless of the validity of such holdings we think appellants must fail. As indicated above the court instructed the jury that it "must find and determine from *all the facts and circumstances shown to exist at the time of the collision herein* whether either of the occupants, Paul ■ E. Nelson or Ramona Smith, was guilty of contributory negligence in becoming a passenger in the Ford coupe along with the driver and other occupants therein." (Italics added.) Those facts and circumstances included the fact of age of the deceased, physical and mental development, general past experiences, and all matters which would have been before them had the requested instruction been given. We do not hold that the requested instruction was improper nor that it might not have been better to give it. What we do hold is that in view of the record and the instructions given, the failure of the court to give the requested instruction is not reversible error.

(3) Appellant's third point is that the trial court should have stricken the cost bill because it was not filed within time. Section 104-44-14, R. S. U. 1933, provides inter alia: "The party in whose favor judgment is rendered and who claims his costs must deliver to the clerk, and ■ serve a copy upon the adverse party, within five days after the verdict * * *" his itemized cost bill. In this case the respondent on the fifth day after verdict served the cost bill upon appellant's counsel at Salt Lake City, and deposited the same in the U. S. Mail, postage prepaid, and addressed to the clerk of the court at Provo, Utah. The bill reached the clerk's office on the morning of the sixth day. The question is as to whether deposit in the mail was a delivery to the clerk within the statute quoted.

We have held that costs are the creature of statute, and the law providing for them must be strictly complied with before a party can recover them. *Smith* v. *Alford,* 31 Utah 346, 348, 88 P. 16; *Houghton* v. *Barton,* 49 Utah 611, 165 P. 471. In the case last cited and in *Openshaw* v. *Openshaw,* 80 Utah 9, 12 P. 2d 364, we treated the statute as requiring

the cost bill to be filed within five days after verdict or decision of the court. This bill not having been so filed should have been stricken by the court.

The judgment is modified to the extent that the cost bill should be stricken, and as so modified the judgment is affirmed.

Each party to bear their own costs.

MOFFAT, C. J., and McDONOUGH and PRATT, JJ., concur.

WOLFE, Justice.

I concur, but I am not convinced that an instruction so general in its application as the instruction that the jury "must find and determine from all the facts and circumstances shown to exist at the time of the collision herein, whether either of the occupants, Paul Nelson or Ramona Smith, was guilty of contributory negligence in becoming a passenger in the Ford coupe along with the driver and other occupants therein," would take the place of a particularized instruction regarding the degree of care required by minors, if the latter instruction were one to which plaintiffs were entitled. I think there was nothing in the evidence which required the court to instruct the jury, as requested in plaintiffs' instruction No. 3 because, as said in the opinion, the passengers in the car were normal young people who, as well as adults, could and should have sensed the possible danger of such a crowded condition in automobile travel. The dangers of driving under such conditions were not lurking or hidden dangers. They must have been quite apparent to any person of sixteen years or more reared in this automobile age.