333 P.2d 633

**Julia T. ALVAREZ, Plaintiff and Appellant,**

**v.**

**Paul PAULUS and Stover Bedding and Manufacturing Co., a corporation, Defendants and Respondents.**

No. 8895.

Supreme Court of Utah.

Jan. 5, 1959.

W. D. Beatie, Salt Lake City, for appellant.

Emmett L. Brown, Salt Lake City, for respondents.

WORTHEN, Justice.

Appeal from a verdict in favor of defendant in an action to recover damages for the death of plaintiff's daughter when struck by defendant's truck.

The accident which resulted in the death of the child occurred in Emeril Avenue, a private right of way 20 feet wide and 330 feet long which runs easterly and westerly. Defendant Paul Paulus was operating a truck belonging to his employer, the defendant corporation. Paulus entered the avenue from the east and proceeded westward about 250 feet and turned his truck into a driveway on the north side. Paulus had intended backing out onto the avenue and backing his truck to the Stover warehouse at the west end of the avenue for loading. Because of the congested condition of the west end of the avenue Paulus backed his truck eastward along the avenue and by a series of back and go movements stopped his truck facing east. He then proceeded to back his truck westerly until the accident occurred.

The plaintiff complained of the defendant's negligent operation of the truck and charged that said negligence consisted of the following:

(a) defendant Paulus backed his truck without keeping a proper lookout,

(b) he backed his truck onto the 22 month old daughter of plaintiff without giving any warning or signal, and

(c) he failed to yield the right of way.

The defendants contend that they were not negligent but that plaintiff was guilty of negligence in that she allowed a child only 22 months old to play in the street without supervision.

The only witnesses called were called by appellant. The case was submitted to the jury and it found the issues in favor of defendants and against the plaintiff.

Appellant assigns errors as follows:

(1) In refusing to submit the theory of appellant concerning failure of respondent to yield right of way as negligence,

(2) In submitting question of accident as a defense to the jury, and

(3) In submitting the question of contributory negligence of appellant to the jury.

As to the first assignment it should be observed that one of the disputed issues of fact reserved in the pretrial order was this: "Was Paul Paulus negligent as claimed by the plaintiff?"

The trial court we think fully and correctly instructed the jury upon the subject and our attention has not been called to any reason or law suggesting that the instructions were not proper.

In Instruction No. 5 the court said:

"The Defendant Paul Paulus in the operation of backing his truck into Emeril Avenue had the duty to use that degree of care that would be used by an ordinary reasonable and prudent person acting under the same or similar circumstances to detect the presence of children and particularly the Deceased in the pathway of his truck; to give such warning by blowing his horn or otherwise as would make persons in his pathway aware of his approach into and through the avenue; and to keep such a lookout for the presence of others in the pathway of his truck as would be kept by a reasonably prudent and careful person acting in the same or similar circumstances.

"The Plaintiff, the mother of the Deceased, had the duty to exercise that degree of care that would be exercised by a reasonably prudent and careful mother acting under the same or similar circumstances to prevent injury to the Deceased.

"Whether the Plaintiff and the Defendant Paul Paulus fulfilled the duty which the law imposes upon them in their respective capacities as shown by the evidence in this case is solely for you to determine. This you must do from the evidence in the case and such inferences as are natural and reasonably follow therefrom."

In Instruction No. 7 the court said:

"You are instructed, Gentlemen of the Jury, that this is not a case in which you are called upon to determine which of the parties involved has a preference in the use of the area on which the Deceased was struck. Both motor vehicles and pedestrians had a right to be upon the area. Both the drivers of motor vehicles and pedestrians and persons charged with the care and custody of children of tender years had the duty of exercising due care to prevent injury or damage to each other in the use of the area."

We find no merit to the foregoing assignment.

■ Plaintiff had the burden of proving the negligence of Paul Paulus and that such negligence was the proximate cause of the accident. The record fails to disclose wherein Paulus was negligent. Testimony of plaintiff's witnesses was to the effect that defendant Paulus stopped his truck and hollered at the children, and that he stopped his truck three times and chased the children away.

Nor may plaintiff complain of the submitting of the question of accident as a defense to the jury.

Plaintiff requested the court to give the following instruction as plaintiff's request No. 4:

"You are instructed that the mere fact that an accident occurred is no evidence of negligence and the fact that this accident occurred is no indication that the plaintiff or defendants were negligent."

The court stated in its pretrial order:

"It is the contention of the defendants and each of them that Paul Paulus was not negligent as claimed by the plaintiff or at all and that the death of the child was the result of an accident."

The trial court gave Instruction No. 6 of which plaintiff complains:

"The mere fact that the Deceased was struck and killed by a truck being backed by the Defendant Paul Paulus does not in and of itself support an inference that he was guilty of negligence that was a proximate cause of the injury and death of the Deceased, nor does it support an inference that the Plaintiff is guilty of negligence in her care and supervision of the child. The law recognizes that there are occasions when the operators of motor vehicles strike and inflict serious bodily injury or death upon pedestrians under circumstances where the driver of such vehicle or the pedestrian or person responsible for the safety of the pedestrian use due care. In such cases, there is no liability in law upon the [part] of the persons involved."

■ If there is any criticism that may be made of the said instruction plaintiff may not complain after having invited the court to give his requested Instruction No. 4.

■ Nor do we find that error was committed in submitting the question of contributory negligence of appellant to the jury. Not only are we of the opinion that the court properly submitted that question to the jury but we are of the view that appellant may not take advantage of her request. Appellant submitted her request No. 11 as follows:

"You are instructed that the defense of negligence of the plaintiff may be involved in an action by the parent to recover damages for the death of the child.

"In determining whether or not the plaintiff in this case was negligent, you must decide whether or not plaintiff exercised that degree of care and supervision of the minor child as any reasonable and prudent person would have done under the same circumstances.

"If you find that Julia T. Alvarez did not exercise that degree of care and supervision of the minor child as any reasonable and prudent person would have done under the same circumstances, and that her failure to do so was a proximate cause or the sole proximate cause of the accident, then you should return a verdict in favor

of the defendants even though you might also find that the defendant Paul Paulus was negligent in some respect."

Judgment affirmed. Costs to respondents.

McDONOUGH, C. J., and CROCKETT, WADE and HENRIOD, JJ., concur.