336 P.2d 779

**Jerry MARCELLIN, Plaintiff and Respondent,**

v.

**Delbert OSGUTHORPE, Defendant and Appellant.**

No. 8944.

Supreme Court of Utah.

March 16, 1959.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for appellant.

Glen M. Hatch, Heber, for respondent.

CROCKETT, Chief Justice.

Plaintiff recovered judgment for $860 for damages caused his car when it side-swiped another car and veered across the highway into defendant's truck, which was stopped alongside the road. It is regrettable, from plaintiff's point of view at least, that we can see no basis upon which the judgment can be justified.

Upon special interrogatories, the jury found the defendant negligent; but also found the plaintiff negligent in causing the collision. This would ordinarily settle the matter with finality because one cannot recover for an injury caused by his own negligence, even though the negligence of another may have also contributed to cause it. But a complication exists here because the court also submitted the case to the jury under the doctrine of last clear chance, upon which the jury found that the defendant had the last clear chance to avoid the collision. This, if justified, would support the judgment notwithstanding plaintiff's negligence.[1] It is therefore necessary for us to analyze the evidence to determine whether such a finding can be sustained.

On November 17, 1957, just before 6 a. m. the plaintiff left his home in Park City to go to work in Salt Lake. It was dark and the road was made slick by an inch or

1. Graham v. Johnson, 109 Utah 346, 166 P.2d 230; see also cases cited in footnote 2, Beckstrom v. Williams, 3 Utah 2d 210, 282 P.2d 309.

two of new-fallen snow over ice. Plaintiff was unaware of the following circumstances which lay ahead of him: in the Snyderville Valley, just before the approach to the summit in Parley's Canyon, a Cadillac automobile heading the same direction (west), in some kind of trouble had stopped and pulled diagonally off the highway, leaving its rear end sufficiently on the surfaced portion to partially block plaintiff's lane of travel; meanwhile defendant had approached from the opposite direction (west) in his truck and had stopped on his right (south) side of the highway, his wheels just off the surface, to see if he could be of help to the Cadillac. As he observed the plaintiff's headlights coming from the east at a high rate of speed, he backed his truck about 20 feet westward to give the plaintiff more room to pass. It is plaintiff's theory that these two cars so placed constituted a trap for him because the defendant's headlights were on high beam so that he was unable to see the Cadillac until he got through the main cone of defendant's headlights, a distance of 50 to 60 feet from the Cadillac, at which point it was too late for him to avoid the collision. His car sideswiped the rear bumper of the Cadillac, ricocheted across the highway into the fender of defendant's truck and then continued westward through snowbanks on the south side of the road for a distance of 216 feet.

The jury's finding that the plaintiff was driving too fast for existing conditions seems patently correct. Notwithstanding this, plaintiff insists that he should be permitted to recover, relying on the case of Beckstrom v. Williams,[2] wherein we indicated our approval of the doctrine of last clear chance as set forth in Secs. 479 and 480 of the Restatement of Torts. Plaintiff admits, as he must, that his negligence was in the same status as defendant's claimed negligence as a potential causative factor of the accident until he got so close to the Cadillac that there was nothing he could do to avoid the collision. He says that for some distance prior thereto the defendant must have seen that he was in inextricable peril from which the defendant could have saved him by dimming his lights and thus enabling plaintiff to see the Cadillac. He thus seeks to come within the principle of Sec. 479 of the Restatement which allows a plaintiff to recover notwithstanding his own negligence if he is in a situation of inextricable peril and the defendant either knows, or in the exercise of reasonable care should know of such peril, and thereafter has a clear opportunity to avoid the injury, but fails to do so. Under such circumstances the plaintiff's negligence has in a sense come to rest and is not a concurring proximate cause of the injury, but the negligence of the defendant is the later, intervening, sole proximate cause.

2. 3 Utah 2d 210, 282 P.2d 309.

**4**

■ We are unable to see that the circumstances accommodate themselves to plaintiff's contention, even under the most favorable view of the evidence to him. There is no certainty that he ever actually got into a situation of inextricable peril. Less so is there any certainty that defendant either did, or would be obliged to, so realize in time to save him from injury. There is no reason to assume that the defendant had to apprehend that the plaintiff would not see the Cadillac which was in plain sight on the highway in front of him with the tail lights on; nor that he would continue at a negligent rate of speed; nor that he would fail to guide his car safely between the other two. There actually was room to clear by several feet on either side. On the contrary, defendant could reasonably expect (and undoubtedly hoped) that as plaintiff approached these two cars he would heed the situation ahead and moderate his speed. He could reasonably continue to so expect as long as there remained opportunity to do so. Plaintiff's argument that defendant should have observed from plaintiff's speeding approach that he was in inextricable peril, and should have dimmed his lights so plaintiff could see the Cadillac and arrest his own negligence to avoid the danger, must presuppose that at any such instant he could have avoided the collision by arresting his own negligence. If plaintiff could do nothing to avert the collision, a fortiori, defendant could do nothing because his action by dimming his lights could only react through the plaintiff. It follows that plaintiff's own negligence was a concurring proximate cause.

Should we accept the other aspects of the plaintiff's argument, there would still be no basis to find that defendant had a clear chance to avoid the accident. There must be, as the phrase implies, a fair and clear chance, and not a mere possibility that one might have avoided the accident "by the skin of his teeth." It would have required unusual perspicacity, if not outright prescience, for the defendant to have presaged that an accident of this character was going to happen on the basis of a quick analysis of the factors involved. As indicated above, it would require him to assume that the plaintiff would continue to be negligent, and based thereon to realize the approaching danger in time to have dimmed his lights, coupled with the further assumption of a correct reaction on the plaintiff's part to arrest his speed and guide his car properly to avert the collision. Such conjecture does not satisfy the requirement of last clear chance because it must exist with at least reasonable certainty.

■ The doctrine of last clear chance is based upon the humanitarian principle that one who negligently injures another cannot escape liability merely because the

other is negligent, if the former has a fair clear chance to avoid doing the injury. But it should not be extended beyond such circumstances to obliterate the defense of contributory negligence. It probably is true that the defendant, in trying to do a good turn to another motorist, unwisely stopped his car in such a position as to cause a hazard to the plaintiff. But inasmuch as the jury found that the plaintiff himself was negligent in the manner described, the plaintiff cannot recover for damage to his car to which his own negligence was a contributing proximate cause.[3]

Reversed. Costs to defendant (appellant).

WADE, WORTHEN, HENRIOD and McDONOUGH, JJ., concur.

3. Pollari v. Salt Lake City, 111 Utah 25, 176 P.2d 111.