345 P.2d 197

**Ralph HADLEY, a minor, by Rex Hadley, his Guardian Ad Litem, Plaintiff and Appellant,**

v.

**Douglas J. WOOD, Defendant and Respondent.**

No. 9007.

Supreme Court of Utah.

Oct. 21, 1959.

LaVar E. Stark, Ogden, for appellant.

L. E. Midgley, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Plaintiff Ralph Hadley, a boy six years of age, suffered injuries in a sleigh riding accident with the defendant's car. From adverse jury verdict and judgment he appeals contending that he is entitled to recover as a matter of law.

Undoubtedly if we viewed the evidence in the light most favorable to plaintiff, as seems to be done in his brief, the

evidence could be regarded as supporting that conclusion. However, in reviewing the case upon appeal, it is our duty to survey the evidence in the light most favorable to the jury's verdict.[1]

The accident occurred on Sunday afternoon, January 9, 1955, in the residential area of Ogden. It was cold and the streets were snow-packed and icy. Defendant was driving his automobile southward on Polk Avenue toward the Wasatch School where children are accustomed to coast westward from a hill on the schoolgrounds toward that street. It was not a designated sleigh riding area. There was a snowbank about three feet high along both sides of the avenue caused by snowplows clearing the roadway. There was an opening cut in one place in the bank where the sleighs could pass through. Defendant admits that as he approached he saw some children playing on the schoolground hill but says that he saw no one sliding down it. As he neared the cut in the snowbank, the plaintiff on his sleigh suddenly slid through it into the street and the defendant ran into him.

Plaintiff argues that because of the icy street, and the children playing on the hill which the defendant knew was used for sleigh riding, the standard of due care required him to exercise a greater degree of caution than he observed in guarding against such an incident; and that the only reasonable conclusion from the evidence is that he was negligent in failing to keep a proper lookout, in failing to keep his car under safe control, and in driving faster than was warranted under the circumstances.

The defendant testified that he was watching the road ahead; that he was traveling at a speed of only 10 to 12 miles per hour; and that when the plaintiff slid into the path of his car he was less than a car length ahead of him, so that even though he applied his brakes and swerved to the right into the west snowbank, he was unable to avoid striking the boy on his sleigh. Perhaps because of the boys on the hill some prescience might have forewarned him of such a danger. While exceptional foresight, caution or skill in avoiding injury to others are to be admired and encouraged, the law does not require them as a standard of conduct. It was the prerogative of the jury both to judge that standard and to determine what witnesses they would believe. Upon the basis of the defendant's evidence the jury could find that his conduct was within the required standard of care: that which ordinary, reasonable and prudent persons would have observed under such circumstances, and therefore could fairly and justly remain unconvinced that the defendant was negli-

1. Morley v. Rodberg, 1958, 7 Utah 2d 299, 323 P.2d 717.

gent, or that any negligence on his part was a proximate cause of the collision.

Error is also assigned in the instructions to the jury. The trial court took any question of the plaintiff's contributory negligence from the jury because he was only six years of age, and no issue is raised with respect thereto. The error charged is that, having done so, the court indicated in other instructions that that issue should be determined.

After giving an adequate definition of proximate cause as applied to the case, the court further stated in Instruction No. 11:

" * * * The acts and omissions of two or more persons may work concurrently as the efficient cause of an injury * * * and both may be held responsible."

And in defining concurring negligence it stated in Instruction No. 13:

" * * * when the negligent acts * * * of two or more persons contribute concurrently as proximate causes, to the injury of another, each of such persons is liable * * *. Where such concurrent negligence exists it is no defense * * * that some other person * * * participated in causing such injury."

The defendant rejoins that the instructions under attack were taken from JIFU,[2] and seems to assume that to be an adequate answer. In that regard we make these observations:

■ In the first place, while this court generally approves that work and its purpose, the fact that an instruction is taken therefrom is no absolute guarantee of its accuracy. The committee which created it made no such pretention. This is reflected in the statement in the preface:

"These instructions do not carry the express or implied approval of any court, nor do the members of the committee make any claim to infallibility for them. * * * The credential * * * derives from their source and the experience which produced them." [3]

■ In the second place an instruction may be entirely accurate as a general statement of law and yet be erroneous if applied to special fact situations. The preface of the work referred to further states:

"The most often expressed apprehension of the members of the committee concerning instructions was that a given instruction, or some aspect of it,

---

2. Jury Instruction Forms Utah, published in 1957.

3. Ibid; all quotations are from Preface p. XV.

would be error if given where the facts would not justify it. * * *"

■ It is not the function of the court to recite to the jury propositions of law in the abstract, however accurate or even interesting they may be. It is worse than idle to do so. By including irrelevancies the process could go on interminably with the result not only of boring but likely of confusing the jury. It seems hardly necessary to reiterate the idea also included in the preface to JIFU, " * * * the fewer instructions given, the better * * * no instruction should be given unless it is both necessary and applicable to the fact situation at hand."

■ Notwithstanding there is some justification for the charge that irrelevant instructions were given, if they are viewed as a whole, as they should be,[4] the issues were presented to the jury fully and fairly and in such a manner that we see no prejudice to the rights of the plaintiff.

Affirmed. Costs to defendant (respondent).

WADE, McDONOUGH and CALLISTER, JJ., concur.

HENRIOD, J., concurs in result.

4. Hillyard v. Utah By-Products Co., 1953, 1 Utah 2d 143, 263 P.2d 287.