349 P.2d 1117

David STEELE, a minor, by and through his Guardian ad litem, Carl Steele, and Carl Steele, Plaintiffs and Appellants,

v.

Bryan WILKINSON, Oral J. Wilkinson, and Zion Motor, Inc., Defendants and Respondents.

No. 9064.

Supreme Court of Utah.

March 11, 1960.

160

Hansen & Miller, Salt Lake City, Parker M. Nielson, Sandy, for appellants.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for respondents.

CALLISTER, Justice.

David Steele, three and one-half years of age, was injured when struck by an automobile driven by the defendant, Bryan Wilkinson. Carl Steele, father and Guard-ian ad litem of the child, brought this action to recover damages for personal injuries sustained and for medical expenses incurred. This is an appeal from a jury verdict, and judgment thereon, in favor of the defendants.

Resolving, as we must, all conflicts in the evidence and all reasonable and legitimate inferences in favor of the defendants, the facts may be summarized as follows:

The accident occurred in the early evening of August 28, 1954, at 788 East 4800 South Street, a main east-west highway in Salt Lake County. At the time, the weather was clear, the visibility good, and the road dry. The blacktop portion of the road was 22 feet in width with a 5-foot shoulder on the north and an 8-foot shoulder on the south side. A power pole was located on the south shoulder, 17.1 feet from the center line of the road and directly south of the point of impact. At the time of the accident an automobile was parked on the south shoulder just east of the power pole.

Immediately before the accident, David was playing between the pole and the parked automobile. As the Wilkinson car approached from the east on the north side of the street, the young child emerged from behind the parked car and ran with his head down across the south lane, across

the center line, and into the path of the Wilkinson automobile. David's forehead struck the left front fender of the car to the rear of the headlight.

The probable point of impact was approximately 2½ feet north of the center line. The car traveled one and one-half lengths after the impact. Neither the driver, Bryan Wilkinson, nor two passengers in the car saw the child prior to the impact. The automobile had been traveling at a speed of between 25 and 30 miles per hour.

 It is first contended that Bryan Wilkinson was negligent as a matter of law and that the trial court erred in submitting the cause to the jury. It is argued that because Wilkinson did not see the child until the moment of impact, although his view was unobstructed for a distance of up to 150 feet, he violated his legal duty to keep a proper lookout; that, under the circumstances, his failure to see the boy in the roadway was a breach of a legal duty. However, this argument overlooks the conflicting evidence that the child, hidden from view by the parked automobile, suddenly ran into the path of the Wilkinson automobile.

This court stated in Alliston v. McCarthy:

"In order to be guilty of negligence as a matter of law the evidence must be undisputed and the facts must not be conflicting and must clearly prove that he acted in a manner in which a reasonably prudent person would not have acted under the circumstances, or that he failed to act in such a manner as a reasonably prudent person would have acted under the circumstances."[1]

Under the conflicting evidence in the instant case, it was certainly a fact question for the jury to determine whether Wilkinson was negligent or that any negligence on his part was a proximate cause of the accident.[2]

For like reasons, the assignment of error that the verdict was against the clear weight of the evidence, is without merit.

 Nor was the trial court in error in permitting Dr. Franklin S. Harris, Jr. to testify as an expert witness on behalf of the defendants. Dr. Harris is a professor of physics at the University of Utah and eminently qualified in his field, and his qualifications in this field were not challenged. However, objection is made to his testimony relating to the speed of persons walking and running. An examination upon voir dire by defense counsel satisfactorily indicated that the witness was qualified in this respect. Further it ap-

1. 1944, 106 Utah 278, 282, 147 P.2d 870, 872.

2. Hadley v. Wood, 1959, 9 Utah 2d 366, 345 P.2d 197.

pears from the record that if the witness testified to any matter outside his specialty, such testimony was elicited upon cross-examination and plaintiffs cannot now complain.

Error is also assigned to the giving of certain instructions to the jury. Many of the objections now urged on appeal were not urged in the trial court and thus need not be considered by this court, there being no showing of special circumstances why these objections were not made below.[3]

Objection was made to the giving of Instructions Nos. 8, 9, 10, and 11 as placing too much emphasis upon the proposition that the accident was unavoidable. This is without merit.

Finally, it is claimed that the trial court erred in giving paragraph 2 of Instruction No. 3, which defined contributory negligence. However, elsewhere the court, in its Instructions Nos. 7 and 8, plainly told the jury that David Steele, because of his tender years, could not be considered either negligent or contributorily negligent. This cured any possible error in this regard.[4]

Affirmed. Costs to respondents.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.

---

3. Pettingill v. Perkins, 1954, 2 Utah 2d 266, 272 P.2d 185; McCall v. Kendrick, 1954, 2 Utah 2d 364, 274 P.2d 962; Rule 51, U.R.C.P.

4. Hadley v. Wood, supra, footnote 2.