366 P.2d 603

Robert L. MANN, Plaintiff and Appellant,

v.

Calvin R. FAIRBOURN, Defendant and Respondent.

No. 9440.

Supreme Court of Utah.

Nov. 22, 1961.

Benjamin Spence, Don J. Hanson, Salt Lake City, for appellant.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for respondent.

CALLISTER, Justice.

This is an action brought by the plaintiff to recover damages for the alleged wrongful death of his 5½-year-old son, Robert Mann, Jr., who was struck and killed by an automobile driven by the defendant. Plaintiff appeals from a jury verdict, and judgment thereon, in favor of the defendant.

At approximately 10:45 of the morning of March 6, 1960, the defendant, accompanied by his young son, was driving his automobile westerly on the north side of Wasatch Street in Midvale, Utah. At about 448 East on said street the automobile struck young Robert Mann, Jr., inflicting injuries from which he died. The weather, at the time, was clear, the street dry and unobstructed and the visibility good. The street at this point had a black-topped surface approximately 26½ feet in width with a south shoulder four feet in width and a north shoulder three feet in width. On the south side of the street there is a wire fence about four feet south of the outer edge of the shoulder. Directly inside the fence are two rather large trees and outside the fence are two telephone poles which, from the exhibits, appear to be about 15 feet apart. There is also a rural mail box alongside the west telephone pole.

The defendant testified that he was driving at an approximate speed of 25 miles per hour but, as he neared the point of impact, reduced the speed to about 15 miles per hour upon observing children playing on the north sidewalk and on the south shoulder further west. He stated that he did

not see the Mann child until the very moment of impact. Upon cross-examination he maintained that he was observing the street ahead of him, but did not see the child prior to the impact.

Because of the absence of debris the exact point of impact could not be determined with exactness. However, the investigating officer estimated it to be about 13 feet from the south edge of the black-topped surface, which would place it in the north lane of the street. The child was struck by the left front of the automobile and knocked about 11 feet forward and into the left lane. The defendant was able to stop the car immediately without leaving any skid marks.

A witness for the plaintiff testified that just before the accident he had observed the child "stooping over," as if to pick something up, on the south shoulder about two to three feet west of the east telephone pole. This witness did not see the boy enter the street and did not see the car strike the boy. Another of plaintiff's witnesses stated that when he first observed the boy the latter was walking west on the south edge of the shoulder between the two telephone poles. He took his eyes off the child for a second or two and, when he next observed, he saw the boy "starting to cut across the street, looking down towards the road."

Plaintiff first contends that the court erred in refusing to direct a verdict in his favor. He argues that it is undisputed that the defendant did not see the boy prior to the impact and is therefore guilty of negligence as a matter of law for not keeping a proper lookout and thus failing to see that which a reasonable, prudent person would have seen under the circumstances.

This argument overlooks the existence of the telephone poles, the position of the boy between the two poles moments before the accident and the testimony that he "cut across the street." It also overlooks the fact that the defendant had reduced the speed of his automobile to about 15 miles. per hour and overlooks lack of evidence which would show that the child was visible when the defendant was far enough away to stop before reaching the probable point of impact. Furthermore, plaintiff ignores. the fact that the trial court, before it could direct a verdict in his favor, would not only have to determine that the defendant was. guilty of negligence as a matter of law, but also that such negligence was, as a matter of law, the proximate cause of the accident,. and that the boy as a matter of law, was. not contributorily negligent. Under the circumstances, the trial court properly refused plaintiff's request for a directed verdict.[1]

1. Alliston v. McCarthy, 106 Utah 278, 147 P.2d 870; Van Cleave v. Lynch, 109 Utah 149, 166 P.2d 244; Hadley v. Wood, 9 Utah 2d 366, 345 P.2d 197; Steele v. Wilkinson, 10 Utah 2d 159, 349 P.2d 1117.

Plaintiff further contends that the lower court erred in giving instructions Nos. 6 and 10 and in failing to instruct the jury that a child under six years of age cannot be guilty of contributory negligence.

Instruction No. 6 charged:

"A child is not held to the same standard of conduct as an adult and is only required to exercise that degree of care which ordinarily would be exercised by children of the same age, intelligence and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for his actions by the same standard as applies to an adult. It is for you to determine whether the conduct of Robert Mann, Jr., was or was not such as might reasonably have been expected from a child of the same age, intelligence and experience under the same or similar circumstances. If you determine that it was, then his conduct was not negligence. If you find that it was not, then his conduct was negligence.

"The rule just stated applies even when a child is charged with having violated a statute or an ordinance or the evidence shows such a violation. The question whether or not the child was negligent must still be answered by the above standard as I have stated it to you."

Instruction No. 10 charged:

"Before you can return a verdict for the plaintiff you must find from a preponderance of the evidence that each of the two following propositions is true.

"Proposition No. 1. That the defendant was negligent in the operation of his automobile before the alleged impact with the child in failing to keep a proper lookout for persons or other conditions reasonably to be anticipated upon the highway.

"Proposition No. 2. That the negligence of the defendant, if any, was the proximate cause of the death of the plaintiff's child.

"If you find that the two foregoing propositions are true and unless you further find that the deceased child was guilty of contributory negligence, then you should determine the damages sustained by the plaintiff according to the instructions hereinafter given you on that subject."

The plaintiff did not request an instruction to the effect that a child under six years of age could not be guilty of contributory negligence and Instruction No. 6, of which he now complains, is substantially the same as his Requested Instruction No. 3. Under such circumstances the instruction, if erroneous, would come within the rule of invited error of which the

plaintiff cannot here avail himself.[2] We, however, prefer to answer plaintiff's contention squarely upon the proposition that court's instructions correctly reflect the law.

It is true that in Nelson v. Arrowhead Freight Lines,[3] relied upon by plaintiff, this court made the statement that "ordinarily a child under seven years of age is conclusively presumed not guilty of contributory negligence." However, the statement was mere dictum inasmuch as the plaintiffs in that case were 16 and 20 years of age. Such a rule of law has not been observed by this court in other cases.[4] As stated in Herald v. Smith (cited below):

"The degree of care required of a child must be graduated to its age, capacity, and experience, and must be measured by what might ordinarily be expected from a child of like age, capacity and experience under similar conditions."

This court, in addition to the dicta heretofore quoted, correctly stated in the case of Nelson v. Arrowhead Freight Lines:

"The question as to whether a child's capacity is such that it may be chargeable with contributory negligence is a question of fact for the jury, unless so young and immature as to require the court to judicially know that it could not contribute to its own injury or be responsible for its acts, or so old and mature that the court must know that, though an infant, yet it is responsible."

The capacity or incapacity of a child is a factual inquiry and the test to be applied is that applicable to any other question of fact. If the trial judge, after a consideration of the age, experience and capacity of the child to understand and avoid the risks and dangers to which it was exposed in the actual circumstances and situation of the case, determines that fair-minded men might honestly differ as to whether the child failed to exercise that degree of care that is usually exercised by persons of similar age, experience and intelligence, the question of the child's contributory negligence should be submitted to the jury, but if the trial judge determines that fair-minded men could not conclude that the child had the capacity to be negligent, then he should decide the question of incapacity.[5]

Judgment affirmed. Costs to defendant.

WADE, C. J., and HENRIOD, McDONOUGH, and CROCKETT, JJ., concur.

2. Straka v. Voyles, 69 Utah 123, 252 P. 677; Nelson v. Lott, 81 Utah 265, 17 P.2d 272; Alvarez v. Paulus, 8 Utah 2d 283, 333 P.2d 633.
3. 99 Utah 129, 104 P.2d 225, 228.
4. Cf. Herald v. Smith, 56 Utah 304, 190 P. 932, 933; Kawaguchi v. Bennett, 112 Utah 442, 189 P.2d 109; Morby v. Rogers, 122 Utah 540, 252 P.2d 231.
5. Shearman and Redfield on Negligence, Vol. 1 p. 231; 77 A.L.R.2d 917, 921.