397 P.2d 990

**Randy RIVAS, by Joe Rivas, his guardian ad litem, Plaintiff and Appellant,**

**v.**

**PACIFIC FINANCE COMPANY, a corporation, Defendant and Respondent.**

**No. 10155.**

Supreme Court of Utah.

Dec. 28, 1964.

Kunz & Kunz, Ogden, for appellant.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff, Randy Rivas, a boy just under six years of age, (by guardian) sued to recover for injuries suffered when the defendant's car ran into him on his sleigh in the street near his home at 1552 West Crystal Avenue in Salt Lake City. From an adverse jury verdict and judgment entered thereon, plaintiff appeals.

In view of the jury verdict, wherever the evidence is in conflict, we view it in the light most favorable to the defendant.[1] The accident occurred in the middle of the afternoon of December 11, 1961. There was snow on the street which was packed and slippery. Revell George, employed by defendant, Pacific Finance Company, was in the locality making collections. A few minutes before, he had driven east on Crystal Avenue. The evidence shows that there were children playing in the street at the time. After completing his business a few minutes later, he drove

1. Hales v. Peterson, 11 Utah 2d 411, 360 P.2d 822 (1961).

back westerly on the avenue. Although the terrain is level, a canal crosses the street, and the covered bridge causes a rise. In going up this slight incline, the front of a car creates a blind spot in a motorist's view of the road for a short distance ahead. Mr. George approached this bridge at a moderate speed of about 15 to 20 miles per hour, and as he crossed it and started down the other side, he first saw the plaintiff lying on his sled in front of the car. He jammed on his brakes and the car slid on the snow. He explained that as the boy tried to move toward the south, "I tried to swerve to my right (north), but there was no time left" and "the car was on him. * * * I did the best I could. It may not have been the best, but it was the best I could do at the time."

The plaintiff argues that inasmuch as the children were playing in the street when Mr. George traveled east on Crystal Avenue, and that upon his return he failed to make particular observation for them, he was negligent as a matter of law; and that due to plaintiff's age he could not be held guilty of contributory negligence, so the court should have ruled in his favor on both issues, and it was error to submit them to the jury.

We are in accord with the idea that a child is not expected to have the maturity of judgment nor the capacity to cope with danger that an adult would have and consequently is not held to the adult standard of care. Nevertheless, a child even of this age has some duty of care for his own safety, and if he fails to observe it can be guilty of contributory negligence. The requirement is that he exercise that degree of care which ordinarily would be observed by children of the same age, intelligence and experience under similar circumstances.[2] Corollary to the foregoing is the fact that when a child is known to be in a situation of possible danger, there is a duty to observe extra caution for his safety.[3] This is but a particularized application of the usual standard requirement of due care under the circumstances, the modifying circumstance being the fact that a child is involved.

Applying the above stated rules to the evidence as we view it, we agree with the conclusion of the trial court that there is a basis therein upon which reasonable minds could differ both as to the negligence of the defendant and the contributory negligence of the plaintiff. Accordingly, these

2. See Mann v. Fairbourn, 12 Utah 2d 342, 366 P.2d 603 (1961).

3. See Herald v. Smith, 56 Utah 304, 190 P. 932 (1920); Woodward v. Spring Canyon Coal Co., 90 Utah 578, 63 P. 2d 267 (1936); Van Cleave v. Lynch, 109 Utah 149, 166 P.2d 244; Graham v. Johnson, 109 Utah 365, 172 P.2d 665 (1946); see Sec. 41–6–80(a) U.C.A. 1953; see also 60 C.J.S. Motor Vehicles § 396, Children, pp. 963–975.

questions were properly submitted to the jury for determination.

The plaintiff makes a number of complaints about the jury instructions as being in error prejudicial to him. The principal one is that they contain statements concerning negligence and contributory negligence as they are usually used in reference to adult conduct without modifying each to specifically apply to the conduct of a child. We do not believe there is any possibility of misunderstanding by the jury on this matter because in other instructions they were told correctly and plainly that the plaintiff was not held to an adult standard of care but only to that of children of his own age; and also that all of the instructions should be considered together.[4]

Other errors assigned have been considered but we have found nothing either singly or in the aggregate which would warrant upsetting the judgment. The desirable objective in administering justice under law is for the court to see that any person who has a cause with any merit whatsoever is afforded the privilege of a trial. And where doubts exist they should be resolved in favor of fulfilling that objective. However, when that is accomplished, the presumption arises that the judgment is sound, and it cannot properly be disturbed unless the one attacking it meets the burden of showing error which is substantial and prejudicial in the sense that there is a reasonable likelihood that the result would have been different in the absence of such error.[5] We have concluded that no such error is shown here.

Affirmed. Costs to defendant (respondent).

HENRIOD, C. J., and McDONOUGH, CALLISTER, and WADE, JJ., concur.

---

4. Startin v. Madsen, 120 Utah 631, 237 P.2d 834.

5. See statement in Hales v. Peterson, 11 Utah 2d 411, 415, 360 P.2d 822 (1961).