400 P.2d 12

Darrell J. DONOHUE, Plaintiff and Appellant,

v.

Margaret ROLANDO, Defendant and Respondent.

No. 10079.

Supreme Court of Utah.

March 12, 1965.

---

1. Title 41–6 et seq., Utah Code Annotated 1953.

S. V. Litizzette, Helper, Rawlings, Wallace, Roberts & Black, Salt Lake City, for appellant.

Hanson & Garrett, Salt Lake City, for respondent.

McDONOUGH, Justice.

Phillip Donohue, a child of six and one-half years, was struck and killed by defendant's automobile as he rode his bicycle along a road in Spring Glen, Utah. Phillip's father sued defendant and from adverse jury verdict and judgment entered thereon he appeals.

Plaintiff asserts error in the lower court in that it: (1) determined as a matter of law the standard of care required by the deceased child; (2) failed to submit his case under the doctrine of last clear chance.

Defendant was driving to work at approximately 11:45 a. m. on June 6, 1962,

on Carbon County road No. 6441, in the city of Spring Glen, Carbon County, Utah. The road is two-laned (one lane running north; the other running south), straight and blacktopped with a 19 foot gravel shoulder on the west side. Defendant was proceeding south when she saw three children traveling in a southerly direction about two feet off the pavement along the west shoulder of the road. They were spaced about a car length's distance apart. The child closest to her was on foot and the other two were riding bicycles. Phillip was on the lead bicycle. Defendant slowed her automobile from 20 miles per hour to 15 miles per hour, did not sound her horn and passed the child on foot and the second bicyclist. As she passed Phillip, she testified she heard a "clang." She swerved to the left, applied the brakes and stopped. Defendant's right hood was dented and hair fragments clung to the right headlight. Phillip was lying apart from his bicycle on the road. He died a short time later.

Plaintiff charges instruction seven given by the lower court erroneously determines as a matter of law the standard of care required by the deceased child. The instruction read:

"The deceased, Phillip Donohue, had a duty to use that degree of care which a reasonably prudent child of his age, understanding and intelligence as you find it would use:

"1. To select a course of travel for his bicycle reasonably free of the hazard of getting into the course of a moving automobile on the highway;

"2. To observe and become aware of the presence and movement of the defendant's car upon the highway and avoid colliding with the same.

"If you find by a fair preponderance of the evidence that the deceased violated his duty in one or more of the particulars above mentioned and that his doing so was the sole proximate cause of his being struck by the defendant's automobile, or one of the contributing proximate causes of his being so struck, then you must find a verdict in favor of the defendant and against the plaintiff, no cause of action."

Defendant maintains that the particularization in the instruction merely reiterates a few of the laws in the Motor Vehicles Statute, Title 41, U.C.A. and does not lay down a certain standard of conduct for Phillip.

It is settled in this state that the actions of a child must be measured by a special standard of conduct, even though the child was acting in violation of a statute or ordinance, Mann v. Fairbourn, 12 Utah 2d 342, 366 P.2d 603. The child must exercise that degree of care which ordinarily would be observed by children of the same age, intelligence and experience under

similar circumstances, Rivas v. Pacific Finance Co., 16 Utah 2d 183, 397 P.2d 990. Whether the child acted negligently for his age, intelligence and experience is a question of fact for the jury, unless he is so young and immature as to require the court to judicially know that he is not responsible for his act, or he is so old and mature that the court must know that, though an infant, he is responsible, Nelson v. Arrowhead Freight Lines, 99 Utah 129, 104 P.2d 225. The instructions must be read as a whole, and not as unrelated messages given to the jury, Rivas v. Pacific Finance Co., 16 Utah 2d 183, 397 P.2d 990. The court correctly informed the jury of a child's standard of conduct in instruction four and again in instruction eight. In light of these two instructions, it is difficult to understand why instruction seven was given. But we believe it is not reversible error. The two particularized duties are prefaced with a correct statement of a child's duty to use care. The trial court did not formulate duties to which Phillip must adhere to be free from contributory negligence; rather it merely set forth guides which the jury could consider in light of Phillip's age, understanding and intelligence. Knowing that a correct statement of the child's duty of care was given in instructions four, seven and eight, we hold that the particularization in instruction seven was not prejudicial to plaintiff.

■ Appellant further contends that the trial court committed reversible error by refusing to instruct the jury on the theory of last clear chance. This court does not agree. The last clear chance doctrine is generally considered to be a modification of the rule that contributory negligence is a bar to recovery and is based upon the humanitarian principle that one negligent person cannot justifiably injure another negligent person, if the former has a fair clear chance to avoid the injurious act. But it should not be extended beyond such circumstances to obliterate the defense of contributory negligence, Marcellin v. Osguthorpe, 9 Utah 2d 1, 336 P.2d 779. The appellant's argument fails on two grounds.

■ First under the doctrine of last clear chance, opportunity to avoid accident must not be a mere possibility, but must be a clear and fair opportunity. "The doctrine implies thought, appreciation, mental direction and lapse of sufficient time to effectually act upon the impulse to save another from injury," Charvoz v. Cottrell, 12 Utah 2d 25, 361 P.2d 516; Beckstrom v. Williams, 3 Utah 2d 210, 282 P.2d 309; Holmgren v. Union Pac. R. Co., 114 Utah 262, 198 P.2d 459. The facts in this case show a young boy riding down the side of a paved road with the defendant approaching him from behind in an automobile. There is no indication from the facts that de-

fendant recognized or should have recognized the dangerous peril of the boy. Defendant had already safely passed two of the three children. The split moment when the boy apparently swerved in front of the car does not provide enough time for defendant, as an ordinary person, to realize plaintiff's peril and to avoid the accident.

Secondly, where plaintiff can extricate himself or avoid the peril up to the moment of injury, the defendant can be held responsible only if he *actually* knows of plaintiff's situation of peril in time to have the last clear chance to avoid the harm and fails to do so. The rule applies to a defendant who *should have* known plaintiff's peril only where plaintiff is in an inextricable peril, Fox v. Taylor, 10 Utah 2d 174, 350 P.2d 154. This is not such a case. There is no evidence that the defendant actually knew of plaintiff's situation before the lethal collision. And whether defendant should have known plaintiff's peril is immaterial in this case, for the plaintiff was never in an inextricable situation. He could have always turned his bicycle onto the other 17 unused feet of the road shoulder.

Judgment affirmed, with costs to defendant.

HENRIOD, C. J., and CROCKETT, WADE, and CALLISTER, JJ., concur.