David S. WRIGHT, a minor, by and through his Guardian ad litem, R. L. Wright, and R. L. Wright, Appellants,

v.

Damaso L. MARZO, Jr., Appellee.

No. 554–69.

United States Court of Appeals, Tenth Circuit.

June 12, 1970.

Glenn G. Hanni of Strong & Hanni, Salt Lake City, Utah, (Cline, Jackson & McCoy, Milford, Utah, on the brief) for appellants.

Harold G. Christensen, of Worsley, Snow & Christensen, Salt Lake City, Utah, for appellee.

Before BREITENSTEIN, HILL and SETH, United States Circuit Judges.

HILL, Circuit Judge.

Appellants Wrights instituted this diversity suit seeking to recover damages for personal injuries sustained when an automobile driven by appellee Marzo collided with a bicycle ridden by David Wright. The case was tried to a jury and the jury rendered a verdict in favor of appellee Marzo. Appellants urge on appeal that the trial judge erroneously failed to rule both that Marzo was negligent as a matter of law and that his negligence was the proximate cause of the accident. In addition appellants contend that the trial judge erroneously instructed the jury concerning the standard of care to be used to determine the contributory negligence of David Wright.

The facts surrounding the accident are, on August 23, 1966, David Wright was riding his bicycle north on Utah State Road 21 toward Milford, Utah. At the time David was several months past his fourteenth birthday. State Road 21 had recently been resurfaced and was a new, sharp, blacktop, 28 feet 4 inches wide. It was marked for two

lanes of traffic with a paved shoulder although the lines had not yet been painted at the time of the accident. The road was straight and level and the traffic was light. The weather was clear with good visibility.

Prior to the accident, David had been pedalling on the west edge of the road facing opposing traffic. This was in accordance with his mistaken belief that bicyclists were required to drive on the side of the highway facing oncoming traffic in the manner of pedestrians. At approximately one mile south of Milford, David looked ahead and saw in the distance an automobile coming toward him. He looked behind and saw no cars to his rear and crossed to the east side of the highway. He continued riding north toward Milford and stayed within one or two feet from the east edge of the highway in the northbound lane.

Appellee Marzo was at this time also proceeding north on State Road 21 toward Milford, but was some distance behind David and did not see David cross over into the northbound lane. When Marzo was still about a half mile behind David, he first noticed David pedalling along in front of him. Marzo testified that the person on the bicycle did not appear to be a small child or a grown man, but looked like a teenager. At about the same time that Marzo noticed David, he also noticed the car coming from the opposite direction. Marzo testified that at this point he judged that if he maintained his speed the three vehicles would pass simultaneously. Accordingly, he reduced his speed to permit the oncoming car to pass before he reached the bicyclist.

Marzo testified that as soon as the oncoming car was past him, he started moving to the left intending to travel in the opposing lane or west side of the highway while passing the bicyclist. He estimated that he was then about four car lengths behind David and travelling approximately 60 to 65 miles per hour. At that point, David, without warning or signal or a glance to the rear, turned left and west into the path of the car. Marzo honked his horn and slammed on his brakes but still hit David with the extreme right front of the car.

Measurements placed into evidence at the trial showed that the northbound lane was 14 feet 5 inches wide and bicycle tire skid marks were found in the middle of the lane. The front bicycle tire mark was 7 feet 9 inches from the east edge of the highway and the rear mark was 7 feet 3 inches from that edge.

Appellants' first point on appeal is that Marzo was negligent as a matter of law and his negligence was the proximate cause of the accident. Consequently, appellants contend that it was reversible error for the trial judge to deny appellants' motion for a directed verdict on these issues.

■■■ We cannot agree that the trial judge erred in denying appellants' motion. "[A] directed verdict is justified only if the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion." [1] Moreover, the court is obligated to view the evidence in the light most favorable to the party opposing the motion. [2] Viewed in this light, the evidence in this case hardly preponderates in favor of appellants. While it is true that the evidence in this case is for the most part not conflicting, this alone does not warrant taking the issues from the jury. [3] On the contrary, having carefully reviewed the evidence regarding Marzo's conduct, it is apparent to us that the issues turn upon what significance is attached to the vari-

---

1. Fischer Construction Co. v. Fireman's Fund Insurance Co., 420 F.2d 271, 275 (10th Cir. 1969). *See* Kirkendoll v. Neustrom, 379 F.2d 694 (10th Cir. 1967).

2. Weeks v. Latter-Day Saints Hospital, 418 F.2d 1035 (10th Cir. 1969); Christopherson v. Humphrey, 366 F.2d 323 (10th Cir. 1966).

3. Christopherson v. Humphrey, 366 F.2d 323 (10th Cir. 1966).

ous facts and what inferences reasonable men might draw from the evidence. In such cases, where reasonable men might differ, the issues should be submitted to the jury.

■ Appellants' next point on appeal concerns the standard of care which the jury was instructed to apply in determining whether David Wright, a fourteen year old boy, was contributorily negligent. In this regard, appellants principally argue that the trial judge erred by failing to instruct the jury that a fourteen year old boy is not held to the same standard of care as an adult. While it is true that the trial judge did not specifically state that a child is held to a different standard of care than an adult, we do not believe that this constitutes reversible error in view of the whole of the instructions given.

The trial judge did instruct the jury that, "One of the issues as shown by the evidence in this case is that the plaintiff bicyclist was a boy of the age of 14 years, and you may consider that circumstance in determining whether he acted as a reasonable person in view of all the surrounding facts and circumstances. It is for you to determine whether the conduct of David Wright was or was not such as might reasonably have been expected from a boy of that age, intelligence, and experience under the same or similar circumstances as shown by the evidence."

In our view, the quoted instruction accurately states the law of Utah on the standard of care required of a child, and consequently we are unable to say that the trial judge's view of the local law was clearly erroneous.[4] We are aware that several Utah cases preface their remarks on the standard of care of a child by saying that a child's conduct is measured by a special standard of care, but the very essence of the law regarding a child's standard of conduct is, "The child must exercise that degree of care which ordinarily would be observed by children of the same age, intelligence and experience under similar circumstances."[5] From the whole of the instructions, we believe the jury should have properly understood the standard of care applicable to David Wright and it was not necessary nor would it have added anything to state the rule in its negative form that children are not held to the standard of care of adults.

In support of their argument that the jury was misinformed regarding the standard of conduct applicable to David Wright, appellants also emphasize that at some places in the instructions, the trial judge discussed negligence and contributory negligence only with reference to an adult standard of conduct. We do not regard this as reversible error however. The statements objected to by appellants were made in the context of generally explaining the concept of negligence to the jury, and in view of the subsequent instruction, quoted above, regarding the standard of care of a child, we do not believe that the jury had any reason to misunderstand the instructions.[6]

■ Also in connection with their contention that the trial judge erroneously instructed the jury on the standard of care required of a child, appellants lastly argue that it was error for the trial court to refuse their requested instructions[7] covering the point. Of

4. Brunswick Corporation v. J & P, Inc., 424 F.2d 100 (10th Cir. 1970).

5. Donohue v. Rolando, 16 Utah 2d 294, 400 P.2d 12, 14 (1965). *See* Rivas v. Pacific Finance Company, 16 Utah 2d 183, 397 P.2d 990 (1964); Mann v. Fairbourn, 12 Utah 2d 342, 366 P.2d 603 (1961).

6. *Accord* Rivas v. Pacific Finance Company, 16 Utah 2d 183, 397 P.2d 990 (1964).

7. Appellants' requested instructions were:
    "INSTRUCTION NO. 1
    "A child is not held to the same standard of conduct as an adult and is only required to exercise that degree of care which ordinarily would be exercised by children of the same age, intelligence and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for his actions by the same standard as applies to an adult.

course appellants were entitled to have their theory of the case presented to the jury but it is apparent to us that the trial court's instructions on the standard of care required of a child included the viable parts of appellants' requested instructions.

 Appellants place great emphasis on the fact that their requested instructions were taken from the Jury Instruction Forms for Utah. This fact does not demonstrate that such instructions were properly applicable to the factual situation posed by this case.[8] In this regard we note that appellants' Requested Instruction No. 1 first states that a child is not held to the same standard of care as an adult but then states that there is no precise age when a child becomes accountable as an adult. This instruction is confusing, if not inconsistent, particularly in the case of David Wright who as a fourteen year old boy may be regarded by the jury under the evidence as within the age group covered by the adult standard of care.[9]

 Appellants' Requested Instruction No. 2 regarding an adult's standard of care when dealing with a child was properly rejected because the uncontroverted evidence is that Marzo did not know he was dealing with a child. He testified that the person on the bicycle appeared to be a teenager rather than a small child. Leonard Willet who was a passenger in the car and a witness at the trial testified to essentially the

same thing. Under these circumstances, appellants' Requested Instruction No. 2 went too far and the trial judge's instruction concerning Marzo's duty [10] was far more accurate in covering the point.

Affirmed.

---

It is for you to determine whether the conduct of David Wright was or was not such as might reasonably have been expected from a child of the same age, intelligence and experience, under the same or similar circumstances.
"INSTRUCTION NO. 2
"Ordinarily it is necessary to exercise greater caution for the protection and safety of a child than for an adult person. One dealing with children must anticipate the ordinary behavior of children. The fact that they usually cannot and do not exercise the same degree of prudence for their own safety as adults, that they often are thoughtless and im-

pulsive, imposes a duty to exercise a degree of vigilance and caution commensurate with such circumstances in dealing with children."

8. Hadley v. Wood, 9 Utah 2d 366, 345 P. 2d 197 (1959).

9. *See* Morby v. Rogers, 122 Utah 540, 252 P.2d 231 (1953); Nelson v. Arrowhead Freight Lines, 99 Utah 129, 104 P.2d 225 (1940).

10. The trial judge instructed that Marzo had the duty, "To use reasonable care in passing a bicycle proceeding in the same direction to the left thereof at a reasonably safe distance."