[No. 236-41069-1.    Division One.    March 9, 1970.]
Panel 2

THE STATE OF WASHINGTON, *Respondent*, v. CURTIS ROBIN-
SON, *Appellant*.

*Wettrick, Toulouse, Lirhus & Hove* and R. *Michael Stock-*
*ing*, for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney*, and *David W.*
*Hotchkin, Deputy*, for respondent.

**REVIEW GRANTED BY SUPREME COURT**

WILLIAMS, J.—Defendant was arrested in a stolen 1966
Cadillac, of which he was the sole occupant, following a
high-speed chase through the streets of Seattle at about 11
p.m. on January 14, 1969, and was charged with taking and
riding in a motor vehicle without the consent of the owner.
At his trial in the superior court, his defense was that he
had borrowed the car from a friend and did not know it
was stolen, and he and the friend so testified. The jury,
returned a verdict of guilty, and from the judgment based

thereon, he has appealed, assigning as principal error the giving of instruction No. 3 as follows:

> To convict the defendant Curtis Robinson of the crime of taking and riding in motor vehicle without permission of owner, as charged in the information herein, the State must prove beyond a reasonable doubt:
>
> (1) That on or about the 14th day of January, 1969, the defendant Curtis Robinson either:
>    (a) Did voluntarily ride in or upon said 1966 yellow Cadillac with knowledge that it had been unlawfully taken; OR
>    (b) Did intentionally take or drive away said 1966 yellow Cadillac, the property of one Aurora Cadillac; and
> (2) That the said taking or riding was without the permission of the owner or person entitled to the possession of the said automobile; and
> (3) That the above acts occurred in King County, Washington.
>
> If you find from the evidence admitted in this case that the state has proved beyond a reasonable doubt the foregoing elements of the crime charged, then it will be your duty to return a verdict of guilty of taking and riding in motor vehicle without permission of owner. Subheadings (a) and (b) of element (1) are alternatives and only one need be proved.
>
> On the other hand, if after weighing all the evidence and lack of evidence you then entertain a reasonable doubt as to the establishment of any one of the foregoing elements, then it will be your duty to return a verdict of not guilty.

This instruction sets forth alternative acts, either of which may have been the basis of the jury's verdict. Thus, each alternative must describe an offense. *State v. Peterson*, 73 Wn.2d 303, 438 P.2d 183 (1968). Appellant concedes that subsection (a) does describe an offense. He contends, however, that subsection (b) does not, and that the instruction was prejudicially erroneous.

■ With this contention, we agree. Under these facts, knowledge of the stolen character of the vehicle was essential to the crime of taking and driving away. *State v. Couet*, 71 Wn.2d 773, 430 P.2d 974 (1967). RCW 9.54.020

does not make a crime of taking or driving away a vehicle unless the taker knows such taking to be unlawful.

Instructions Nos. 5 and 6,[1] assigned as error, contain the same defect. Appellant did not have an opportunity to have his theory, supported by evidence, properly submitted to the jury. Under the instructions, the jury would have been required to convict even if it had believed appellant did not know the car was stolen. The instructions amounted to a directed verdict.

■ Appellant did not except to the instructions. However, when a basic constitutional right is invaded (such as right to a jury trial), failure to make proper exception will not prohibit review. *State v. Peterson, supra; State v. Louie,* 68 Wn.2d 304, 413 P.2d 7 (1966). Moreover, as already noted, in the light of appellant's defense, the second alternative does not charge a crime. Conviction under this instruction would be a violation of due process.

The judgment is reversed, with instructions to grant appellant a new trial.

HOROWITZ, A. C. J., and UTTER, J., concur.

---

Petition for rehearing denied May 18, 1970.

---

[1]"The laws of the state of Washington provide that every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, the property of another, shall be guilty of the crime of taking and riding in a motor vehicle without permission of owner; and the laws of this state further provide that every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle.

"You are instructed that since under the laws of the state of Washington one may be guilty of taking and riding in a motor vehicle without the permission of the owner by merely intentionally taking and driving away the vehicle without permission of the owner, it is not necessary for the state to prove any intent to permanently deprive the owner of the property."