[No. 41590.   En Banc.   October 15, 1970.]

THE STATE OF WASHINGTON, *Petitioner*, v. CURTIS ROBINSON, *Respondent.**

*Reported in 475 P.2d 560.

*Charles O. Carroll* and *David W. Hotchkin*, for petitioner.

*R. Michael Stocking*, for respondent (appointed counsel).

FINLEY, J.—Respondent Robinson was arrested following a high-speed chase through the streets of Seattle. He was the sole occupant of the apprehended vehicle—a 1966 Cadillac—which had been stolen. Robinson was charged with taking a motor vehicle without permission of the owner, in violation of RCW 9.54.020. At trial, respondent's defense consisted of the argument that he had borrowed the vehicle from a friend and was unaware that it had been stolen. Both respondent and the "friend" so testified at trial, but respondent was found guilty of the offense by a King County jury. He appealed his conviction. Division One, panel 2 of the Court of Appeals reversed the conviction and granted a new trial[1] on the grounds that three jury instructions were defective and prejudicial to the respondent. We reverse the Court of Appeals and affirm the verdict of the trial court.

Affirmance is on the ground that failure to attack the allegedly prejudicial instructions when given by the trial court precludes appellant's subsequent attack upon their validity on appeal.

■ Civil Rule 51, RCW vol. 0, requires that exceptions to jury instructions given or refused shall be taken prior to their reading to the jury. We have previously noted that

> [t]he importance of these rules of practice, which we have held to be mandatory and not directory, is apparent. Their purpose is to give to the trial court the benefit of the study and research of counsel, and to advise the trial court of the contentions of the respective parties as to the law or the facts, at a time when the court can, if it so desire, correct any error which it may feel it has made in its instructions.

*State v. Severns*, 13 Wn.2d 542, 562, 125 P.2d 659 (1942). Additionally,

---

[1] Reported in 2 Wn. App. 39 (1970).

> [w]e have, with almost monotonous continuity, recognized this procedural requirement and adhered to the proposition that, *absent obvious and manifest injustice,* we will not review assignments of error based upon the giving or refusal of instructions to which no timely exceptions were taken.

(Italics ours.) *State v. Louie,* 68 Wn.2d 304, 312, 413 P.2d 7 (1966).

Absent an instructional defect which invades a constitutional right of the accused, the attention of the trial judge must be directed to an alleged error at the time when it could have been corrected by the trial court. Otherwise, an alleged instructional defect will not be considered on appeal. *State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968), *State v. Louie, supra.*

Reduced to its essentials, instruction No. 3 reads:

> To convict the defendant . . . of the crime of taking and riding in motor vehicle without permission of owner, . . . the State must prove beyond a reasonable doubt:
> (1) That . . . the defendant . . . either:
>   (a) Did voluntarily ride in or upon said [vehicle] with knowledge that it had been unlawfully taken; *OR*
>   (b) Did intentionally take or drive away said [vehicle], the property of one Aurora Cadillac; and
> (2) That the said taking or riding was without the permission of the owner or person entitled to the possession of the said automobile; . . .

In examining this instruction, which is the one chiefly in dispute, we do not find it so defective as to have resulted in obvious and manifest injustice to the respondent. The Court of Appeals, in reversing the conviction in this case, took an opposite view in interpreting section (1)(b) of instruction No. 3; namely, that it was faulty and prejudicial in that it failed to charge a criminal offense. The gist of that court's reasoning is that the element of knowledge—an essential part of the criminal offense involved—is not clearly stated and presented as an element of the crime for consideration by the jury. Our reading and interpreta-

tion of section (1) (b) is quite different. Rather, it seems obvious to us that section (1) of the instruction describes two separate offenses—initial theft of a motor vehicle (section (1) (b) ) and riding such a vehicle *with knowledge* that it is stolen (section (1) (a) ). Thus, respondent could have been convicted by the jury if it found him guilty of either described offense. In any event, the alternatives presented in section (1) of the instruction must be read *in conjunction with* section (2) of the instruction. The use of the conjunctive "and" following section (1) (b) of the instruction and immediately preceding section (2) dictates such a reading.

We are thus persuaded that the language of the two sections, *when read together* with the rest of the instruction quoted above, clearly implies and conveys a *requirement of knowledge*: *i.e.,* "[t]hat . . . the defendant . . . [d]id intentionally take or drive away said [vehicle], the property of one Aurora Cadillac; and . . . [t]hat the said taking . . . was without the permission of the owner or person entitled to possession of the said automobile; . . ."

We also read the statute, RCW 9.54.020, in the same manner. It provides in essential part that

> [e]*very person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, . . . the property of another, shall be deemed guilty of a felony,* and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of a felony.

(Italics ours.) The word "knowledge" is not expressly used in the italicized portion of the statute above, which describes the offense of initial theft of a motor vehicle. However, the element of knowledge is clearly implicit in the statutory phrasing of a taking "without the permission of the owner or person entitled to possession thereof."

We are persuaded that instruction No. 3—which sets forth the critical language of RCW 9.54.020 verbatim, ex-

cept as to changing the order of the elements listed therein —is adequate to present to the jury the crucial elements of the statutory crime, including the element of knowledge.

For the reasons stated earlier, we believe Civil Rule 51 serves a useful purpose. Furthermore, we are convinced strict adherence to that rule works no injustice in this case. Instruction No. 3 as given in this case is a King County pattern jury instruction. If there is some lingering doubt that the language of this instruction could stand some revision, this can be called to the attention of the trial judge in subsequent cases in the manner prescribed by Civil Rule 51 set out hereinbefore. If beyond this there are still some remaining doubts about the language of the pattern instruction, it can be subjected to reevaluation and redrafting in the manner generally appropriate for the revision of pattern jury instructions in King County.

The judgment of the trial court should be affirmed. It is so ordered.

ALL CONCUR.