[No. 543-1.    Division One—Panel 1.    March 8, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD LEE BAILEY, *Appellant.*

*Bovy, Graham, Cohen & Wampold* and *Allan W. Munro,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Douglas S. Dunham, Deputy,* for respondent.

UTTER, J.—Ronald Lee Bailey was convicted of taking and riding in a motor vehicle without permission of the owner. He was arrested in a motor vehicle which proved to be stolen and contended in his defense that the car belonged to someone he had met earlier in the evening and that he was driving it to a gas station as a favor to the owner. Bailey denied knowledge of who owned the car or that it was stolen.

The trial court submitted the following instruction to the jury:

INSTRUCTION No. 2

To convict the defendant . . . the state must prove beyond a reasonable doubt:

(1) That on or about November 20, 1961, the defendant *either:*

(a) did intentionally take or drive away a 1961 Pontiac, the property of Henry J. Watson.

OR

(b) did voluntarily ride in the said 1961 Pontiac knowing that it had been unlawfully taken; and

(2) That said taking or riding was without the permission of the owner or person entitled to possession of the said automobile; and

(3) That the above acts occurred in King County, Washington.

Bailey assigns error to the giving of the instruction, alleging that subsection (a) failed to make clear to the jury that he must have knowledge of the unlawfulness of the taking. An exception to this instruction was taken at the trial of the case, but upon different grounds. This particular claim of error is raised for the first time on appeal.

■ The Supreme Court held in *State v. Robinson*, 2 Wn. App. 39, 466 P.2d 164, *rev'd*, 78 Wn.2d 479, 475 P.2d 560 (1970), that failure to inform the trial court of the proper grounds for claimed error in an allegedly prejudicial instruction (identical to the one in this case) given by the trial court, precludes a subsequent attack upon its validity on appeal, inasmuch as the alleged defect does not invade a constitutional right of the accused. The *Robinson* case was decided subsequent to the trial of the present case. It was held in *Robinson* that the element of "knowledge" the car was stolen was implicit in the statutory phrasing of a taking "without the permission of the owner or person entitled to possession thereof" and that the alternatives presented in section (1) of the instruction must be read in conjunction with section (2) of the instruction.

We are bound by this construction of the instruction. The judgment of the trial court is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.