[No. 3114–2.   Division Two.   December 14, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. VOLDA
WILLIAMS, *Appellant.*

*Richard E. Muri,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D.
Mladinov, Senior Deputy,* for respondent.

SOULE, J.—Defendant was convicted of taking a motor vehicle without permission of the owner under the "joyriding" statute. RCW 9A.56.070. Her appeal presents the issue of whether or not she is entitled to the benefit of an instruction based upon RCW 9A.56.020(2), which states:

In any prosecution for theft, it shall be a sufficient defense that the property or service was appropriated openly and avowedly under a claim of title made in good faith, even though the claim be untenable.

In *State v. Franks*, 74 Wn.2d 413, 445 P.2d 200 (1968), the court declined to decide whether the statutory defense was applicable to the joyriding statute because there was no evidence in the record to support its application.

The record in the case before us does contain evidence which would support defendant's contention that she purchased the car in question in the summer of 1975, and that thereafter, she signed the title over to William E. Moore, her boyfriend, on his plea that he needed security for a loan but that they agreed that she was to retain the use of the car and that title would be restored to her when the loan was paid. Shortly after securing title, Moore took the keys, threatening to beat her if she did not yield them. Then he left their joint residence taking the car with him. However, unbeknownst to him, she had retained another key. These events took place in late 1976 and early 1977.

On February 14, 1977, Moore sold the car to a dealer who resold it to Ilse Perot. On March 10, 1977, defendant saw the car in the parking lot of the County–City Building in Tacoma. Using her key, she took the car and used it openly until she was apprehended on April 13, 1977, at the Tacoma Community College. Defendant testified that at the time she took the car, she had no knowledge that Moore had violated his trust by selling the car and further stated that in taking it, she believed she was entitled to it because of the nature of her agreement with him. On these facts, we hold that the defendant was entitled to her requested instruction No. 4 which stated:

It is a defense to the offense of taking a motor vehicle without permission that the defendant took the motor vehicle openly and avowedly under a claim of title preferred in good faith, even though the claim may be untenable.

█ The respondent makes much of the fact that RCW 9A.56.070 does not charge a larceny in the full meaning of the term because the State need not prove the specific intent to permanently deprive anyone of anything. *State v. Franks, supra.*

In *State v. Nelson,* 63 Wn.2d 188, 190, 386 P.2d 142 (1963), the court said:

> The offense of taking another's automobile without permission is similar to the crime of larceny, in the sense that both offenses involve the wrongful taking of another's property. It is, however, a separate statutory offense, distinguishable from larceny. The gist of larceny is wrongful taking with an intent to permanently deprive another of his property. The gist of the statutory offense is the intentional taking or driving away of the automobile of *another* without permission. Intent to *permanently* deprive is *not* an element.

(Citations omitted. Italics ours.)

The only difference is found in the nature of the intended deprivation, *i.e.,* joyriding merely requires an intent to temporarily deprive. Thus, while joyriding is not a full–blown larcenous theft, it is definitely a related offense and an essential element is knowledge on the part of the taker that the taking is unlawful. *State v. Robinson,* 2 Wn. App. 39, 466 P.2d 164, *rev'd on other grounds,* 78 Wn.2d 479 (1970). *See also State v. Wait,* 9 Wn. App. 136, 509 P.2d 372, 65 A.L.R.3d 578 (1973); *State v. Bailey,* 4 Wn. App. 450, 481 P.2d 565 (1971).

It would be a strange rule of law which would permit the defense of appropriation in good faith to be lodged if a defendant were charged with the more severe offense of outright larceny, but deny it to one charged with a lesser offense of joyriding. Good faith belief of one's entitlement

should be a defense in either case. *Cf. State v. Tate,* 436 S.W.2d 716 (Mo. 1969).

We reject the contention of the State that the legislature intended to impose strict liability for violation of RCW 9A.56.070, and thereby deny to one charged under that statute the benefit of the "good faith" defense authorized by RCW 9A.56.020.

■ There being sufficient evidence to support it, defendant was entitled to her instruction No. 4 embodying her theory of the case, and it was reversible error to deny it because the remaining instructions were incomplete without it. *State v. Birdwell,* 6 Wn. App. 284, 492 P.2d 249 (1972); *State v. Ladiges,* 66 Wn.2d 273, 401 P.2d 977 (1965).

Defendant also complains of the refusal of her proposed instruction No. 5.[1]

■ Had defendant's theory been adequately covered by the proposed instruction No. 4, it would not have been error to refuse proposed instruction No. 5, because it is duplicative. The number of instructions to be given on a subject rests within the discretion of the trial court. *State v. Etheridge,* 74 Wn.2d 102, 443 P.2d 536 (1968).

Finally, defendant assigned error to two of the instructions which the court did give to the jury.[2] The court's instruction No. 4 omits all reference to the. *Robinson* requirement in *State v. Robinson, supra,* that the taker must know the taking to be unlawful.

■ An element instruction such as No. 4 should contain language requiring the State to prove that at the time of the taking, the taker knew of the unlawfulness of the act.

---

[1]Proposed instruction No. 5 states:

"Even if you find that each of the elements of the crime have been proven beyond a reasonable doubt, you must acquit the defendant if you find that the defendant took the motor vehicle openly and avowedly under a claim of title preferred in good faith."

[2]Instruction No. 4 states:

"If you find from the evidence beyond a reasonable doubt all of the following alleged facts, to–wit:

Such an instruction given with an appropriate instruction on claim of title as a defense will properly guide the jury upon retrial.

The court's instruction No. 5 goes further than instruction No. 4 and tells the jury affirmatively that the State need only show that the taking was without the owner's permission. This instruction would permit the jury to convict a defendant without any proof of defendant's intent to at least temporarily deprive the owner of his car. On facts such as these, where the defendant admits the bare act of taking but offers evidence of good faith appropriation, such an instruction is tantamount to a directed verdict and constitutes prejudicial error.

The judgment is reversed and the cause remanded for a new trial.

PEARSON, C.J., and REED, J., concur.

---

"1. That Volda Williams intentionally took and drove away a 1970 Chevrolet Camaro, Washington License No. BVP 534;

"2. That Ilse Perot was the owner or person entitled to possession of said automobile;

"3. That the said automobile was taken without the permission of Ilse Perot; and

"4. That such unlawful act occurred on or about the 13th day of April, 1977, in Pierce County, Washington;

"Then you shall find the defendant, Volda Williams, guilty of the crime of Taking A Motor Vehicle Without Permission as charged in the information."

Instruction No. 5 states:

"To prove one guilty of Unlawfully Taking a Motor Vehicle Without the Owner's Permission it is not necessary that the State prove that the defendant intended to deprive or defraud the owner, the idea of theft not being necessarily connected with the offense. The defendant is guilty of the offense upon showing merely the intentional taking of the motor vehicle without the owner's permission as the crime has been previously defined."