STATE of Utah, Plaintiff and Respondent,

v.

Charles R. COX, Defendant and Appellant.

No. 870237–CA.

Court of Appeals of Utah.

March 23, 1988.

---

Paul W. Mortensen, Moab, for defendant and appellant.

Elaine Moore Matthews, Grand Co. Atty., Moab, for plaintiff and respondent.

Before BILLINGS, DAVIDSON and GARFF, JJ.

## OPINION

BILLINGS, Judge:

Defendant Cox appeals his conviction by jury for unlawful control of a vehicle ("joy-riding"), a Class A misdemeanor, in violation of Utah Code Ann. § 41–1–109 (1987). Cox seeks a reversal of his conviction, arguing that the trial court's refusal to give his proposed jury instructions constituted prejudicial error. We affirm.

## FACTS

Cox concedes that he took Brent Bessire's 1980 Ford Fairmont without Bessire's express permission during the early morning hours of May 10, 1987. However, Cox testified that at the time he took the car, he believed he had Bessire's permission. Cox claimed that he had attempted to wake Bessire at 12:30 a.m. and believed that Bessire acquiesced in his request to take the car.

At trial, Bessire acknowledged that he and Cox were "acquaintances," having "partied together" on several occasions. Bessire conceded that he, on previous instances, had allowed Cox to use his car. However, Bessire claimed that he did not give Cox permission to use his car on the morning of May 10, 1987. Bessire's car was found near Moab city, after Bessire reported it missing.

The trial court, over Cox's objections, instructed the jury, directly quoting section 41–1–109, as follows:

ELEMENTS OF UNLAWFUL TAKING OF A VEHICLE:

1. Defendant must exercise unauthorized control over a vehicle, not his own, without the consent of the owner or lawful custodian.

2. Defendant, while doing the above, must have the intent to temporarily deprive the owner or lawful custodian of possession of the vehicle.

3. The consent of the owner or legal custodian of a vehicle to its control by the defendant is not in any case presumed or implied because of the owner's consent on a previous occasion to the control of the vehicle by the same or a different person.

At trial, Cox submitted the following written instruction which the court refused to give:

Defendant while doing the above, must have known that he did not have the consent of the owner or lawful custodian.

Cox objected to the trial court's refusal to give his requested instruction *and* the court's adopting the consent language articulated in the prosecution's instruction. In the ensuing discussion with the court, Cox, in an effort to alleviate the perceived consequences of the court's instructions, orally requested the trial court to give the following instruction regarding Cox's subjective knowledge:

[j]ust because there is no presumption in favor of [consent] that doesn't mean there is a presumption against [consent].

The trial court denied Cox's request.

On appeal, Cox argues that the effect of the court's instructions was to relieve the State of its constitutional burden of proving beyond a reasonable doubt the elements of joyriding, which, according to Cox, includes proving that he *knew* he did not have Bessire's consent to use the car. Cox also claims that the court denied him the opportunity to present the affirmative defense of consent by failing to advise the jury that although Bessire's consent could not be presumed from his previous use of

the vehicle, it nonetheless could be implied from the surrounding circumstances.

## ELEMENTS OF JOYRIDING

Due process requires the State to prove beyond a reasonable doubt all of the elements of the offense with which a defendant is charged. *Patterson v. New York*, 432 U.S. 197, 211, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977). Proof of the nonexistence of an affirmative defense is not constitutionally required. *Id.*

The crime of joyriding is statutorily defined as exercising unauthorized control over a vehicle, not his own, without the consent of the owner or lawful custodian, with the intent to temporarily deprive the owner or legal custodian of possession of the vehicle. Utah Code Ann. § 41–1–109 (1987). In order to convict a person of joyriding, our Supreme Court has held that the State is only required to prove beyond a reasonable doubt an unauthorized use of a vehicle, with an intent to deprive the owner of possession. *See State v. Cornish*, 568 P.2d 360, 361 (Utah 1977). Evidence of the property having been taken from the possession of the owner without his knowledge or consent is evidence of both of these elements. *See State v. Chestnut*, 621 P.2d 1228, 1231 (Utah 1980). Cox urges us to add subjective knowledge or, in other words, that he in fact knew he did not have authority to take the vehicle, as another element of the crime of joyriding. This is contrary to the language of the statute and the case authority interpreting it.[1]

 We are not persuaded that an element of joyriding is the defendant's subjective knowledge that his taking is without the owner's permission. If it were, the defendant could always claim in a "friendship" joyriding case that he thought he had permission and thus be acquitted of the joyriding charges. This is contrary to the language of the statute which specifically indicates that permission to use a car on a previous occasion is not evidence of con-

sent. The jury was instructed in accordance with the statute, and the guilty verdict confirms that the jury, based upon the evidence adduced at trial, determined Cox committed the statutory elements of joyriding. Bessire, the owner, testified that his Ford Fairmont was taken without his knowledge or consent; from this fact, it was reasonable for a jury to conclude that Cox, the taker, intended to deprive the owner of possession. *See Chestnut*, 621 P.2d at 1231.

## CONSENT

 The trial court's instruction on consent quoted the joyriding statute exactly; nonetheless, Cox contends that the court committed reversible error by refusing to give his requested oral jury instruction which in essence provided that, although the jury could not *presume* Bessire's express or implied consent, it was still free to find implied consent in light of the surrounding circumstances. Cox complains that the trial court, by refusing to give his proposed oral instruction, failed to present his affirmative defense of consent to the jury.

"Failure to give requested jury instructions constitutes reversible error only if their omission tends to mislead the jury to the prejudice of the complaining party or insufficiently or erroneously advises the jury on the law." *Biswell v. Duncan*, 742 P.2d 80, 88 (Utah Ct.App.1987). A party is entitled to instructions in order to have his or her theory presented to the jury, *see State v. Neeley*, 748 P.2d 1091, 1096 (Utah 1988), but "it is not error when requested instructions are fully covered in the other instructions given." *Biswell*, 742 P.2d at 88.

As to this claim of error in the instructions, we note that Cox failed to furnish the trial court with a written instruction as contemplated by Rule 51 of the Utah Rules of Civil Procedure. *See State v. Erickson*, 568 P.2d 750, 751 (Utah 1977). Furthermore, in one instruction, the court charged

---

1. *But see State v. Williams*, 22 Wash.App. 197, 588 P.2d 1201, 1202 (1978), wherein the Washington Court of Appeals held that an essential element of joyriding is knowledge on the part of the defendant that the taking was unlawful.

the jury that criminal intent could be inferred from circumstantial evidence. Therefore, although the trial court might have properly charged the jury as to its freedom to imply Bessire's consent, its refusal to do so, in the absence of any written instruction by Cox, and in light of the other instructions given, did not constitute prejudicial error. *See State v. Fontana,* 680 P.2d 1042, 1048 (Utah 1984) ("error is reversible only if a review of the record persuades us that without the error there was a reasonable likelihood of a more favorable result for the defendant") (quoting *State v. Hutchison,* 655 P.2d 635, 637 (Utah 1982)).

Affirmed.

DAVIDSON and GARFF, JJ., concur.