**STATE of Utah, Plaintiff and Respondent,**

v.

**Ahab M. ALY, Defendant and Appellant.**

**No. 880488–CA.**

Court of Appeals of Utah.

Nov. 3, 1989.

Joan C. Watt, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and Barbara Bearnson, Salt Lake City, for plaintiff and respondent.

Before BILLINGS, GARFF and CROFT[1], JJ.

CROFT, Judge:

Defendant Ahab M. Aly appeals from a conviction for exploiting prostitution. We affirm.

---

1. Bryant H. Croft, Senior District Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(1)(j) (1987).

Aly was the proprietor of an escort service, by which a certain Carmen Finken was employed. The escort service assigned Finken to make several visits to various men, and there was evidence that Aly expected that the visits would include sexual contact between Finken and the men she visited. Finken modeled lingerie for each of the men and engaged in other sexually stimulating behavior with them. The defense attempted to discredit Finken, the only witness, in several ways, such as by pointing out discrepancies between her testimony at trial and her responses in an earlier interview with a detective, by showing that she may have had ulterior motives for causing Aly trouble, and by introducing evidence of Finken's 1986 conviction for distribution of a controlled substance. The attempt to discredit Finken failed; the jury convicted Aly of exploiting prostitution in violation of Utah Code Ann. § 76–10–1305 (1978).

■ On appeal, Aly argues that the jury should have been instructed specifically that it could properly discredit Finken's testimony because of her prior felony conviction. Aly relies on Utah R.Evid. 609(a), which makes evidence of a witness's prior conviction admissible under certain stated circumstances. The question in this case, however, is not whether evidence of Finken's conviction was erroneously excluded, but whether the jury should have been instructed that it could discredit Finken's testimony on the basis of her prior conviction. Rule 609(a) is inapplicable in deciding that question; the rules governing the admissibility of evidence do not determine the instructions which the jury must be given. By its own terms, Rule 609(a) provides only

that evidence of a prior conviction "shall be admitted" if the crime was "punishable by ... imprisonment in excess of one year," [2] and falls far short of mandating any jury instruction if such evidence is admitted.

■ A criminal defendant is entitled to have the gist of his defense reflected in the instructions given to the jury, and the instructions should not incorrectly or misleadingly state the material rules of law. See State v. Neeley, 748 P.2d 1091, 1096 (Utah 1988); State v. Cox, 751 P.2d 1152, 1154 (Utah App.1988). However, beyond the substantive scope, correctness, and clarity of the jury instructions, their precise wording and specificity is left to the sound discretion of the trial court. See State v. Johnson, 745 P.2d 452, 456 (Utah 1987); State v. Clayton, 646 P.2d 723, 725 (Utah 1982); see also State v. Standiford, 769 P.2d 254, 266 (Utah 1988) (upholding rejection of tendentious and argumentative instruction); State v. Schreuder, 726 P.2d 1215, 1221 (Utah 1986) (refusal to give instruction regarding specific factor bearing on credibility was within trial court's discretion).

In this case, the jury was instructed that it was to judge the credibility of the witness and the weight of the evidence.[3] The trial court, however, refused to give Aly's requested instruction to the jury that the testimony of a witness may be discredited or impeached because of a prior felony conviction, that such was a circumstance the jury could consider in determining the credibility of the witness, and that it was within the province of the jury to determine the weight to be given to any prior conviction as impeachment. The refusal of such an instruction, however, in view of the gen-

---

**2.** Under Utah R.Evid. 609(a)(2), if a prior conviction involves dishonesty or false statement, it is admissible to attack credibility regardless of the punishment. Clearly, the evidence of the witness' prior conviction was not improper under Rule 609(a)(1).

**3.** The instruction in question read:

You are the exclusive judges of the credibility of the witness and the weight of the evidence. In judging the weight of the testimony and credibility of the witnesses you have a right to take into consideration their bias, their interest in the result of the suit, or any probable motive or lack thereof to testify fairly, if any is shown. You may consider the witnesses' deportment upon the witness stand, the reasonableness of their statements, their apparent frankness or candor, or the want of it, their opportunity to know, their ability to understand, and their capacity to remember. You should consider these matters together with all of the other facts and circumstances which you may believe have a bearing on the truthfulness or accuracy of the witnesses' statement.

eral instruction given regarding the jury's province to evaluate credibility by giving consideration to all other "facts and circumstances which it may believe have a bearing on the truthfulness or accuracy of the witnesses' statement," is not an abuse of the trial court's discretion to determine the specificity and precise content of the jury instructions.

The other arguments raised by Aly on appeal have been considered[4] and do not establish grounds for overturning his conviction, which is therefore affirmed.

BILLINGS and GARFF, JJ., concur.

---

4. Aly contends that the trial court erred in limiting defense counsel's closing argument by excluding his argument that the state's failure to call a corroborating witness raised doubt as to its case, and that the evidence was insufficient to support the conviction.