[No. 30404-6-I. Division One. July 18, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT LEE TOMS, *Appellant.*

*Kevin Cole* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Drew Zavatsky, Deputy,* for respondent.

AGID, J. — Robert Lee Toms appeals his conviction of taking a motor vehicle without permission on the grounds that the trial court improperly instructed the jury. We affirm.

## FACTS

On October 17, 1991, Robert Toms was driving a stolen truck. As a marked patrol car approached the truck, Toms parked and jumped out. Officer Bouldin of the Seattle Police Department responded to a radio dispatch regarding a fleeing suspect. She located Toms and ordered him to stop. When she approached him, he initially fled. Bouldin eventually arrested Toms. A subsequent inventory search of the truck revealed a key in the ignition which started the ignition and opened both doors to the truck. Toms was charged with taking a motor vehicle without permission in violation of RCW 9A.56.070.

The truck was a 1978 Chevrolet Luv. It was black and detailed with pinstripes. The owner, David Whitmire, had purchased the car used. Both Whitmire's son, Matthew, and his daughter, Becky, used the truck. Becky Whitmire had sole possession of the truck at the time it was taken. Matthew and Becky Whitmire and Becky Whitmire's roommate, Ann Rich, all had keys to the truck. At trial, each testified that they did not know Toms or give him permission to use the truck. Toms was found guilty as charged.

## JURY INSTRUCTIONS

Toms argues that the trial court erred in refusing to specifically instruct the jury that a defendant must have knowledge that a vehicle was unlawfully taken to be found guilty of the crime of taking a motor vehicle without permission.

RCW 9A.56.070 provides:

(1) Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle . . . and every person voluntarily riding in or upon said . . . vehicle with knowledge of the fact that the same was unlawfully taken shall be . . . guilty of taking a motor vehicle without permission.

The statute provides two means by which the offense may be committed.[1] Toms was tried under the taking or driving provision of the statute. The trial court instructed the jury that:

A person commits the crime of taking a motor vehicle without permission when, without permission of the owner or person entitled to possession, he intentionally takes or drives away any automobile or motor vehicle which is the property of another.

A person also commits the crime of taking a motor vehicle without permission when he voluntarily rides in or upon an automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken.[2]

The trial court also instructed the jury that to convict the Defendant of the crime the following elements must be proved:

(1) That . . . the defendant

(a) intentionally took or drove away a motor vehicle without permission of the owner or person entitled to possession; or

(b) voluntarily rode in or upon the motor vehicle knowing that it was unlawfully taken[.][3]

This instruction was taken directly from WPIC 74.02. Toms assigns error to the WPIC "to convict" instruction, contend-

---

[1]*See State v. Pettitt*, 93 Wn.2d 288, 292, 609 P.2d 1364 (1980) (the "crime of taking a motor vehicle without permission may be committed either by actually taking the [vehicle] or by riding in it, knowing it to have been unlawfully taken").

[2]Toms assigns error to the trial court's refusal of his proposed definitional instruction which included the information that "[k]nowledge that the vehicle was wrongfully taken is an essential element of this crime."

[3]Toms' proposed "to convict" instruction states that the elements of the crime are established by proof:

"(1) [that the defendant] intentionally took or drove away an automobile without the permission of the owner or person entitled to possession;

"(2) that the automobile was the property of another;

"(3) that the defendant knew that the vehicle was wrongfully taken[.]"

ing that it omitted an essential element of the crime because it did not require the jury to find that he had knowledge that the vehicle was unlawfully taken.

 The defendant's knowledge that he or she is taking a motor vehicle without the permission of the owner is an element of the crime of taking a motor vehicle without permission. *State v. Simmons*, 30 Wn. App. 432, 435, 635 P.2d 745 (1981), *review denied*, 97 Wn.2d 1007 (1982). In *State v. Robinson*, 78 Wn.2d 479, 481, 475 P.2d 560 (1970), the Supreme Court upheld an instruction similar to the one given in this case.[4] Robinson, like Toms, argued that it omitted the knowledge element. The *Robinson* court held that when both sections of the instruction were read together, the instruction

> clearly implies and conveys a *requirement of knowledge . . ..*
>
> . . . .
>
> We are persuaded that [the] instruction . . . is adequate to present to the jury the crucial elements of the statutory crime, including the element of knowledge.

78 Wn.2d at 482-83. *See also Simmons*, 30 Wn. App. at 435 (although RCW 9A.56.070 "contains no express requirement that the accused *know* at the time of the taking that he does not have permission to do so, this knowledge element has been held to be implicit in the phrase ' "without the permission of the owner or person entitled to possession thereof." ' " (quoting *Robinson*, 78 Wn.2d at 482)). Under *Robinson*, therefore, the instruction given here was proper.

In *Robinson*, the court held that the knowledge element was implicit in the phrase "without the permission of the owner or person entitled to possession thereof". 78 Wn.2d at 482. In our view, there is no question that the jury in this case had to find that Toms knew the vehicle was unlawfully

---

[4]The instruction in *Robinson* read:

"(1) That . . . the defendant . . . either:

"(a) Did voluntarily ride in or upon said [vehicle] with knowledge that it had been unlawfully taken; *OR*

"(b) Did intentionally take or drive away said [vehicle] . . .; and

"(2) That the said taking or riding was without the permission of the owner or person entitled to the possession of the said automobile[.]" 78 Wn.2d at 481.

taken when the lack of permission element in the "to convict" instruction is read *in conjunction with* the intent element. The jury was instructed that, in order to convict Toms, it must find that he "intentionally took or drove away a motor vehicle without permission of the owner or person entitled to possession". A person cannot intentionally take or drive a vehicle away without the permission of the owner or person entitled to its possession without knowing that the vehicle is being unlawfully taken.[5]

We emphasize the connection between the intent and permission element because the statute, unlike the instruction given by the court, places the lack of permission element before the intent element. If the jury were instructed using the wording of the statute, the instruction could be read to create strict liability as to the knowledge element.[6] Hence, a "to convict" instruction setting forth the elements in the same order as the statute could pose the danger that the jury would not consider the question of whether the Defendant knew the vehicle was unlawfully taken. The WPIC instruction, however, requires the jury to find that Toms had the requisite knowledge. Thus, we hold that, pursuant to *Robinson* and in light of the "to convict" instruction given here, the trial court properly refused to specifically instruct the jury that a defendant must have knowledge that a vehicle was unlawfully taken to be convicted under the "taking or driving" portion of the statute.[7]

---

[5]*See* WPIC 10.02. "Acting knowingly or with knowledge also is established if a person acts intentionally." This instruction was given to the jury in Toms' case.

[6]This interpretation is improper because it is contrary to RCW 9A.56.020(2), which provides that a good faith claim of title is a defense in any prosecution for theft. *See State v. Williams*, 22 Wn. App. 197, 588 P.2d 1201 (1978).

[7]Because we hold that the court properly instructed the jury, we do not address Toms' argument that since *Robinson* the Supreme Court has determined that errors in "to convict" instructions are presumed prejudicial. This is immaterial if the instruction is not erroneous to begin with.

The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. *See* RCW 2.06.040; CAR 14.

GROSSE and KENNEDY, JJ., concur.

Review denied at 125 Wn.2d 1021 (1995).