Stanley SUMMERILL, Plaintiff and Appellant,

v.

Scott G. SHIPLEY and Stephen P. Shipley, Defendants and Appellees.

No. 930734–CA.

Court of Appeals of Utah.

March 1, 1995.

---

Ned P. Siegfried, John Farrell Fay, Jim Mouritsen, Siegfried & Jensen, Salt Lake City, for appellant.

Lynn S. Davies, Richards, Brandt, Miller & Nelson, Salt Lake City, for appellees.

Before DAVIS, GREENWOOD and ORME, JJ.

## OPINION

ORME, Presiding Judge:

Plaintiff Stanley Summerill appeals the jury verdict in favor of defendant Scott Shipley, contending that the trial court erroneously refused a requested jury instruction defining the standard of care required of a minor operating an automobile. Having concluded that "[t]he facts and legal arguments are adequately presented in the briefs and record and [that] the decisional process would not be significantly aided by oral argument," Utah R.App.P. 29(a)(3), we reverse and remand for a new trial.

## FACTS

On October 12, 1988, Stanley Summerill and Scott Shipley were involved in a four-vehicle collision on State Highway 89 in Davis County in which Shipley's truck hit Summerill's automobile. Shipley's truck "fishtailed" on slick, wet pavement as he was entering northbound traffic on Highway 89, causing the rear of the truck to move to the left and toward the parallel traffic lane. He steered to the left to correct the skid, causing the truck to enter the parallel lane, where he collided with another northbound vehicle. This collision propelled Shipley's truck across the median and into the southbound traffic lanes, where he collided with Summerill's automobile and a third vehicle. Seeking damages for injuries sustained in the collision, Summerill brought a personal injury action against Shipley,[1] who was sixteen years old at the time of the accident.

After a year of litigation and pursuant to a pre-trial conference held on October 6, 1992, the court set the trial for January 4, 1993, and requested proposed jury instructions from both parties by December 21. As part of their proposed instructions, both parties requested Model Utah Jury Instruction 3.2, which states, in part, as follows:

> A person has a duty to use reasonable care to avoid injuring other people or property. "Negligence" simply means the failure to use reasonable care. Reasonable care does not require extraordinary caution or exceptional skill. Reasonable care is what an ordinary, prudent person uses in similar situations.
>
> The amount of care that is considered "reasonable" depends on the situation. You must decide what a prudent person with similar knowledge would do in a similar situation.

The trial court ultimately gave this instruction to the jury as Instruction Fourteen.

The trial was held as scheduled. Counsel for Shipley made several references to Shipley's youth and inexperience as a factor the jury should consider in its determination. In addition, the accident reconstruction specialist testifying for the defense implied that Shipley's age and inexperience were factors mitigating Shipley's role in the accident.

On the last day of trial, prior to closing arguments, counsel met in chambers to dis-

---

1. Stephen Shipley, owner of the vehicle and Scott Shipley's father, is also a defendant. Pursuant to Utah Code Ann. § 53–3–212(1) (1994) (replacing, with inconsequential changes of phraseology, Utah Code Ann. § 41–2–116 (1993)), if Scott is found to be negligent, liability for damages will be imposed upon both Stephen and Scott. However, because Stephen's liability is derivative, we refer only to Scott Shipley in our discussion of this case.

cuss the proposed jury instructions and special verdict form. Counsel for Summerill presented an additional instruction, which he had prepared in writing and submitted to opposing counsel, on the standard of care for a minor engaged in an adult activity.[2] After considering the instruction and concluding it was unnecessary, the court refused to add it.[3] When counsel took exception, the court again denied the proposed instruction.

The jury, by special verdict, found that Shipley was not negligent. Summerill timely filed a motion for a new trial, contending, inter alia, that the trial court should have included his proposed jury instruction on the standard of care applicable to a minor operating a motor vehicle. In its order denying the motion, the trial court opined that the instructions given to the jury, considered as a whole, "properly instructed the jury on the law applicable to the facts." It is the correctness of that opinion that we must resolve in the appeal brought by Summerill.

## STANDARD OF REVIEW

"An appeal challenging the refusal to give a jury instruction ... presents a question of law for which we grant no particular deference." *Ong Int'l (U.S.A.) Inc. v. 11th Avenue Corp.*, 850 P.2d 447, 452 (Utah 1993). Accordingly, we "review the trial court's instructions under a correction of error standard." *Ames v. Maas*, 846 P.2d 468, 471 (Utah App.1993). "Failure to give requested jury instructions constitutes reversible error only if their omission tends to mislead the jury to the prejudice of the complaining party or insufficiently or erroneously advises the jury on the law." *Biswell v. Duncan*, 742 P.2d 80, 88 (Utah App.1987).

## ANALYSIS

Summerill argues that the trial court erred in excluding his requested jury instruction on the appropriate standard of care applicable to a minor engaged in an adult activity.[4] We agree.

■ It is a well-established principle of tort law that a minor participating in an adult activity, such as operating a motor vehicle, is held to the same standard of care as an adult.[5] *See, e.g., Stevens v. Salt Lake Coun-*

2. The proposed instruction was as follows:

   A minor engaging in an adult activity, that is, an activity which is normally performed by adults and which requires a higher degree of maturity and judgment than activities minors would normally engage in, is held to the same standard of care as an adult engaging in that activity.

3. In denying the requested instruction at trial, the court stated that "a person 16 years of age is not considered a minor so as to have a different standard applicable than another individual." *But see* Utah Code Ann. § 15-2-1 (1992) (establishing age of majority at 18). The court also assumed the jury would know, without specific instruction, that "once you get a driver's license, you are expected, maybe unrealistically, but ... you are expected to meet the same standard as anyone else."

4. We are unpersuaded by Shipley's contention that Summerill did not submit the proposed jury instruction in accordance with Rule 51 of the Utah Rules of Civil Procedure. While it is true that the proposed instruction was not formally filed, it was presented and discussed during the in-chambers conference expressly designated by the trial court for the parties' discussion of—and opportunity to present additions and objections to—the proposed jury instructions. Moreover,

the trial court denied Summerill's requested instruction based solely on its view that the existing instructions were adequate as a correct statement of law and intimated no concern about the manner in which Summerill requested the additional instruction. Nor does the record disclose any contemporaneous objection to the form or manner of the submitted instruction made by Shipley.

5. This principle is an exception to the general rule that a "child must exercise that degree of care which ordinarily would be observed by children of the same age, intelligence and experience under similar circumstances." *Donohue v. Rolando*, 16 Utah 2d 294, 296–97, 400 P.2d 12, 14 (1965) (six-year-old on bicycle). *See Morby v. Rogers*, 122 Utah 540, 547–48, 252 P.2d 231, 234 (1953) (13-year-old on bicycle).

   As concerns this general rule and its exception in the context of children engaged in adult activities, Shipley's reliance on *Nelson v. Arrowhead Freight Lines, Ltd.*, 99 Utah 129, 133–35, 104 P.2d 225, 227–29 (1940), is misplaced. In *Nelson*, the minors were automobile *passengers* who had violated a statute prohibiting passenger interference with the "driver's control over the driving mechanism of a vehicle." 104 P.2d at 227. True, the Court held that the plaintiffs' ages could properly be considered by the jury in determining contributory negligence and that

*ty,* 25 Utah 2d 168, 171 n. 3, 478 P.2d 496, 498 n. 3 (1970) (minor operating motorized mini-bike); *Goodfellow v. Coggburn,* 98 Idaho 202, 560 P.2d 873, 874–75 (1977) (minor operating tractor); *Robinson v. Lindsay,* 20 Wash.App. 207, 579 P.2d 398, 401 (1978) (minor operating snowmobile), *aff'd,* 92 Wash.2d 410, 598 P.2d 392 (1979); Restatement (Second) of Torts § 283A cmt. c (1965); W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 32, at 181 (5th ed. 1984). Therefore, Shipley, as a sixteen-year-old minor driving a motor vehicle, must conform his conduct to the standard of care required of the ordinary, prudent *adult* driver.

■ In the instant case, the agreed-upon Instruction Fourteen accurately defines the general standard of care a defendant must meet in order to defeat a claim of negligence. If an omitted instruction is adequately covered by other instructions, it is not error for the trial court to refuse the instruction. *State v. Sessions,* 645 P.2d 643, 647 (Utah 1982); *State v. Cox,* 826 P.2d 656, 663 (Utah App.1992). Had there been ongoing recognition at trial that Shipley was held to the same standard of care required of *all* drivers, failure to give the extra instruction would not have been error because Instruction Fourteen adequately conveyed the correct rule of generally applicable law. However, repeated statements by Shipley's counsel during trial and the opinion of the accident reconstruction expert concerning the mitigating effect of Shipley's young age and inexperience[6]

tended to mislead the jury into assuming an incorrect standard of care. We therefore conclude that omission of the proposed jury instruction explaining the applicable standard of care was error.

■ Nevertheless, it is not enough that omission of the jury instruction was error. To require a new trial, we must also conclude the error was prejudicial, i.e., that it "tend[ed] to mislead the jury to the prejudice of the complaining party or insufficiently or erroneously advise[d] the jury on the law." *Biswell v. Duncan,* 742 P.2d 80, 88 (Utah App.1987). *See Steffensen v. Smith's Management Corp.,* 862 P.2d 1342, 1347 (Utah 1993) (for error to be prejudicial, must be "a reasonable likelihood that the error affected the result"); *State v. Cox,* 751 P.2d 1152, 1154 (Utah App.1988). In a negligence case, such as the one before us, the standard of care defines the scope of the duty owed by a defendant to a plaintiff. Accordingly, in all but the clearest cases, the jury's application of a standard less demanding than the law requires would necessarily be prejudicial.

In the case at hand, we conclude that the jury was probably misled by the erroneous omission of the requested instruction more fully explaining the correct standard of care. Instruction Fourteen stated in part, with our emphasis, that "reasonable care is what an ordinary, prudent person uses in similar situations"[7] and that "[y]ou must decide what a

---

6. For example, during his opening statement, counsel for Shipley repeatedly referred to Shipley as a "child." He stated that "[m]any of you ... have had children who were 16–year–old drivers and you know what that's like.... [T]he road gets ... unexpectedly very slick, especially for a young 16–year–old driver." Again, as part of his closing argument, counsel declared that "you just can't expect a 16–year–old to know that ... is necessarily going to mean that his back end is going to slip out.... Was it something that he did inappropriately given the conditions, given his age ...?"

The accident reconstruction specialist characterized Shipley as a "young driver" and declared that "[w]hat I think he did wrong, I think he is a young inexperienced driver and could have used his brakes a little better, could have entered maybe a little slower, but hindsight is 20/20."

7. The standard of the reasonable, prudent person describes a prototype individual who personifies

this mandate could be inferred from general instructions regarding the circumstances of the case. *Id.,* 104 P.2d at 229. However, the parties whose negligence was at issue were passengers, a position that is available to persons of all ages and does not involve participation in an adult activity. Subsequent to *Nelson,* the Court in *Morby,* a bicycle case, recognized that the general duty of care required of a minor is "limited by consideration of the [child's] age, intelligence, and experience," and that this consideration is to be contemplated by the jury "under proper instructions from the court." 252 P.2d at 234. Almost 18 years after *Morby,* the Court applied the exception for adult activities and held a minor to an adult standard when operating a motorized mini-bike, opining that "all drivers on the highway should be able to expect reasonable care from all other drivers, and that they have no way of knowing that some vehicles might be driven by minors." *Stevens v. Salt Lake County,* 25 Utah 2d 168, 171 n. 3, 478 P.2d 496, 498 n. 3 (1970).

prudent person with *similar knowledge* would do in a *similar situation.*" The jury heard, on at least six occasions, that Shipley's actions, while perhaps otherwise questionable, were understandable for a sixteen-year-old, inexperienced driver. *See supra* note 6. Thus, there was a considerable risk that the jury would consider age and inexperience in judging what would have been done by "a prudent person with similar knowledge" and "in a similar situation," thereby improperly holding Shipley to a lower standard of care than the law requires. The addition of Summerill's proposed instruction would have cured any misperception that the jury could consider Shipley's age and inexperience as a factor in determining what was "reasonable care" for the "ordinary, prudent person ... in a similar situation" and with "similar knowledge." Omission of the instruction, suggesting application of a less stringent standard of care, substantially prejudiced the jury's consideration of Summerill's negligence claim against Shipley.

## CONCLUSION

The trial court committed error in refusing to give the jury an additional instruction on the applicability of the adult standard of care for a minor engaged in adult activities. Given the facts of this case, such error was prejudicial. We reverse and remand for a new trial or such other proceedings as may be appropriate.

DAVIS and GREENWOOD, JJ., concur.

---

"a community ideal of reasonable behavior" without identification with a particular individual. W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 32, at 174–75 (5th ed. 1984). *See DCR, Inc. v. Peak Alarm Co.,* 663 P.2d 433, 435 n. 5 (Utah 1983); *Walker v. Peterson,* 3 Utah 2d 54, 57, 278 P.2d 291, 293 (1954); Restatement (Second) of Torts §283 cmts. b, c, & d (1965). An individual whose conduct is at issue is required to act as this ideal person would have acted in the same situation. W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 32 (5th ed. 1984). This individual is considered to possess the same factual knowledge as the reasonable, prudent person in a particular situation even if he or she was actually ignorant of pertinent facts. Restatement (Second) of Torts § 290 cmts. b & e. Thus, Shipley is incorrect in contending that the jury may take his particular age and experience into account. Shipley's reasoning is flawed because "reasonable behavior" cannot be defined by the behavior of a particular individual. Shipley's inexperience or lack of knowledge cannot excuse his actions if the jury finds that the reasonable person would have acted differently in his place.